### ELIZABETH MILLER HOFFMAN AND HUSBAND v. ANNA NEUHAUS ET AL.

The constitution of the state, and the laws made in pursuance thereof, after defining a homestead, secure it to the family. (Paschal's Dig., p. 65, § 22, Note 198; Art. 1305, Note 481; Art. 3928, and 2d ed., Art. 3802 *a*.)

Where the children arrive at the age of majority, and especially where they leave the family of their father and mother, and become a separate family, they are not any longer a part of the old family; and they cannot claim a partition of the homestead as against the mother and minor children.

As long as there is a family having a head, and as long as this head of a family occupies the homestead, it cannot be interfered with for any purpose.

The word "*children*," in the 45th section of the act relating to estates, must be construed to mean minor children, and the homestead is for the minor children and the head of the family, whether that head consist of father or mother or guardian. (Paschal's Dig., Art. 1305, Note 481.)

The reservation is against heirs and creditors.

ERROR from Colorado. The case was tried before Hon. GEORGE W. SMITH, one of the district judges.

This suit was brought by Anna Neuhaus and Frederica Neuman, children of J. H. Miller, joined by their husbands, deceased, in the county court of Colorado county, against their mother, Elizabeth Miller Hoffman, for the partition of the homestead of their said father, whose estate was insolvent, and which homestead had been set apart by the county court of said county for the use and benefit of the

widow and children of the said Miller.   The mother, who
had intermarried with Hoffman, pleaded to the jurisdiction
of the court, and filed a general demurrer.  Upon these the
cause was dismissed in the county court, and plaintiffs ap-
pealed to the district court.   A jury was waived, and the
cause submitted to the judge, who reversed the decision of
the lower court, and entered up a decree partitioning said
homestead between the widow and the children of said
Miller, giving half to the mother and one-twelfth to each
of her children, including the two married daughters.
There is no statement of facts in the record, but it is con-
ceded in the pleadings that the father died insolvent, and
that the homestead had been set apart to the family.   The
widow appealed.

*John T. Harcourt,* for plaintiff in error.—I. The county
court had no jurisdiction in such a case.   The homestead
having been set aside for the family, the power of the
county court over the subject ceased.

The probate court, being a court of limited jurisdiction,
can only exercise such powers as are specially delegated to
it.   (Frances v. Northcote, 6 Tex., 185.)

The powers of this court must be exercised in the man-
ner prescribed by law.   (O. & W. Dig., Art. 246.)

The manner prescribed by the statute (O. & W. Dig.,
Art. 799) shows very clearly that it was not insolvent
estates that the law contemplates as subject for partition,
as it provides and directs an allotment, to one or more of
the distributees, of a proportion of money or negroes, or
other personal property, to supply deficiencies, so as to
equalize the division.

II. The interest vested by law in the widow and children
of an insolvent estate is a very peculiar interest.

It was the legislative intention to secure to the bene-
ficiaries of an insolvent estate (the widow and children) a
permanent asylum, free from the assaults of creditors or

of ungrateful children. By the 45th section of the act of 1848, (Hart. Dig., Art. 1154,) all the property exempt from execution, except one year's supply of provisions, is to be set apart for the use and benefit of the widow and children. And it has been held, that the immunity of the law is complete with or without administration, and whether or not the homestead has been set apart by the chief justice of the county court. (Sossaman v. Powell, 21 Tex., 664; Green v. Crow, 17 Tex., 187.)

*Robert T. Foard,* for defendant in error, cited the 22d section of the XIIth article of the constitution, (Paschal's Dig., p. 65,) and contended that the exemption is from forced sale, and not from partition.

If the separate property of either, and one of the spouses dies leaving children, the survivor, whose separate property it is, can sell the homestead, and the children have no rights therein. (Tadlock v. Eccles, 20 Tex., 792.) If the homestead be community property, the husband or wife is entitled to one-half and the children the other half. (Paschal's Dig., Art. 4642.) If the homestead be community property, it shall not be necessary for the surviving husband or wife to administer thereon. (O. & W. Dig., Arts. 811, 817.) The law does not restrict this necessity to solvent estates. The husband can dispose of all the property, and the wife also, so long as she continues unmarried, but they must account to the heirs for their shares. (O & W. Dig., Arts. 812, 817.) Under article 812, we believe, the homestead can be sold, as well any other property belonging to the community. If, then, no administration is taken out, the surviving husband or wife must account to the heirs for their shares in the estate, but if administration is taken out, the whole law of community is changed. It seems to us that all laws passed for the exemption of property from forced sales have but one object in view, and that is, to protect against the claims of creditors, and in the

construction of these laws we must keep this object steadily in view and read them by that light.

MORRILL, C. J.—In this case the children of one Miller, deceased, petitioned the county court for a division of the homestead, now in possession of the widow of the deceased, Miller, and her minor children.

The county court dismissed the petition, and the cause was taken to the district court, which divided the homestead into two equal parts, giving one part to the widow, and the other part to be divided equally among all the children, as well those of age as minors.

The constitution of the state, and the laws made in obedience thereto, after defining a homestead, secures it to the family.

When children arrive at the age of majority, and especially when they leave the family of their father and mother and become a separate family, they are not any longer a part of the old family. They can acquire a homestead of their own, which will be secure from all interference. We deem it unnecessary to say what shall be done with the homestead when the children shall all become of age or when the widow shall die. It is sufficient to meet this case as it appears by the record. The homestead cannot be divided out, for that would, in effect, partially destroy it, and thus plainly violate its sacred character. As long as there is a family having a head, and as long as this head of a family chooses to occupy the homestead, so long it cannot be interfered with for any purpose.

The creditors of an estate have greater rights to have their debts paid than the heirs have to inherit the estate.

The statute (Paschal's Dig., Art. 1305) requires the chief justice to set apart for the use and benefit of the widow and children what is exempt from execution. It also provides that in case there be not such specific property, it shall be the duty of the chief justice to expose so much of

the estate for sale as will be sufficient to raise the deficit, and to pay one-half of the same to the widow and the other half to the children. And it is probable that from this fact the district judge conceived the idea that the homestead could be so divided. But the proviso in this section will show the fallacy of this doctrine, as it expressly requires, if the estate is not insolvent, that nothing in this act shall be so construed as to prohibit the distribution and partition of said estate among the heirs and distributees thereof, including the portion designated and set apart for the widow, excepting the one year's provision.

As the heirs of a deceased person who has children are these children, and as a distinction is drawn between the heirs and the widow and children, the word children must be construed to mean minor children; and it is for these minor children and the head of the family, whether that head of the family consists of father or mother or guardian, that the homestead is reserved.

The petition alleges the insolvency of the estate, and seeks a division of the homestead. And because the homestead is reserved to the head of the family, adversely to both heirs and creditors, we consider the judge erred in decreeing a division of it, and the judgment is reversed, and the cause

DISMISSED.