### J. R. BURNS AND WIFE v. L. D. JONES AND OTHERS.

1. When no constituent member of a family remains, the homestead exemption ceases to exist, and the property becomes subject to the debts of the last owner, notwithstanding he left children or other descendants who were not members of his family at the time of his death. (Hoffman v. Neuhaus, 30 Texas, 633; and Sossaman v. Powell, 21 Texas, 664, cited with approval by the court.)
2. A constable of a city, town, or village, is, it seems, a constable of the county, within the meaning of the act of November 12th, 1866, and as such is competent to make service of legal process. (Acts of 1866, page 199.)

APPEAL from Fayette. Tried below before the Hon. I. B. McFarland.

The citation was served by the town constable of the town of La Grange, and the defendants, Burns and wife, moved to quash the return, insisting that the officer was not a "constable "of the county." The overruling of this motion was reserved, and assigned as error.

The action was trespass to try title to certain improved lots in the town of La Grange, which had been the homestead of S. H. Doxey and his wife, whose heirs, the appellees, were plaintiffs in the case.

The defense was that Mrs. Burns had purchased the property at a sale of Doxey's administrator, duly made under order of the probate court, for the payment of debts. The answer set

up this defense, in connection with full and specific allegations of the proceedings in the probate court, and also that none of the plaintiffs were members of the family of Doxey and wife at the time of their death, in 1867. The plaintiffs' exception to this answer was sustained by the court below, and this also was reserved and assigned as error.

The judgment below was for the plaintiffs, and the defendants appealed.

*J. R. Burns*, and *Long & Long*, for the appellants.

*George Quinan*, and *W. H. Gazley*, for the appellees.

WALKER, J. The first assignment of error is not well taken. Service by any constable residing within the limits of the county, though he be elected or appointed to serve within a city, town, or village, is a sufficient compliance with the statute. But we need not notice the assignments in their order.

The second assignment covers the ground on which the case must be decided. The plea in bar was a good defense to the action. At the death of S. H. Doxey and wife, who appear to have died almost contemporaneously, the character and attributes of a homestead ceased to attach to the property in question, as no family remained to occupy it as such. The charge of the court did not properly give the law to the jury. The plaintiffs, as heirs of Doxey and wife, not being members of the family at the time of their death, but married and having homes of their own, or the grandchildren not living with their grandparents, could not claim the property, as heirs, to the exclusion of creditors.

It is very true the Constitution prohibits the sale of the homestead of the family ; but when no unmarried or minor children remained, no wards, no grandchildren, or apprentices, nor indeed any member of the family of S. H. Doxey, this property was no longer the homestead of a family.

The case of Hoffman *v.* Neuhaus, 30 Texas, 633, sufficiently

explains the doctrine of this court, as showing what will constitute a family to take and hold the homestead. In a previous case, Sossaman v. Powell, 21 Texas, 664, Chief Justice Hemphill marked out the line pursued in Hoffman v. Neuhaus; and it is not improper here to remark, in honor of that great jurist, that in all the adjudications of the court over which he so ably presided, there appears to have been the most delicate and scrupulous regard of the homestead right observed. But when there is no family to protect in this right, the Constitution and the law governing homesteads cease to operate. Chief Justice Hemphill says: " If a homestead, with its exemptions, was " necessary during the life of the husband, the necessity con- " tinues and becomes more potent after his death, for the pro- " tection of the wife and family. The widow, becoming the " head of the family, is as much entitled to a homestead as her " husband, and the one-half of the community lands which " formed the homestead during the marriage becomes hers ab- " solutely, independent of any administration, or other act what- " ever, for homestead purposes; and if there were no statute, " equity would allow her to retain possession of the other half " for the benefit of the minor children of the marriage, as long " as they remained in minority and a family, with the widow at " the head of such family."

To this doctrine we heartily subscribe. But in the case at bar, there was no widow, no surviving husband, no minor child, nor any other person who had ever belonged to the family of S. H. Doxey, left after his death and that of his wife, in whom the homestead right could vest. We will not say that orphaned grandchildren, living with their grandparents at the time of their decease, may not be entitled to take a homestead right; but this right could not belong to adult married children, nor even to orphaned grandchildren whose home was not with their grandparents previous to and at the time of their death.

We entertain no doubt but that the property in suit became assets in the hands of the administrator, and was properly subjected to the rights of creditors.

The judgment of the District Court must therefore be reversed and dismissed.

Reversed and dismissed.