## J. A. ROBINSON ET AL. V. SCHMIDT & ZEIGLER.

1. SERVICE OF PROCESS.—The fact that a sheriff is a party to, or interested in, a civil suit pending in a District Court, does not authorize the service of process issuing in the cause by a town or city marshal residing in the county.

2. DISCUSSED.—Burns v. Jones, 37 Tex., 50, discussed.

3. PLEA IN ABATEMENT—PRACTICE.—A plea in abatement is not waived by the mere fact that other pleas were at the same time filed by the same party.

4. APPROVED.—Hagood v. Dial, 43 Tex., 625.

5. JUDGMENT.—The judgment as rendered in the District Court is an entirety as to all the parties against whom it is entered. It cannot be reversed and remanded as to some of the parties, and affirmed as to the others.

6. CONSTRUCTION OF STATUTES.—When a summary proceeding against a sheriff is instituted under the statute for his failure to execute process, the statute must be strictly followed.

7. JURISDICTION—SHERIFF—PRACTICE.—A motion may be properly entertained in the court where judgment was rendered against a sheriff for not executing process issued under the judgment, though the sheriff may reside in another county.

8. MEASURE OF DAMAGES ON FAILURE TO MAKE LEVY.—The liability under the statute (Paschal's Dig., 3796) for failure by a sheriff to make a levy, being *prima facie* the full amount of the judgment, interest, and costs, may be limited by evidence showing that only a less sum could have been realized by a levy.

ERROR from Anderson county. Tried below before the Hon. M. H. Bonner.

Schmidt & Zeigler, on the 5th of July, 1873, filed in the District Court of Anderson county a complaint, denominated by their attorneys a motion, against Julius W. Robinson, sheriff of Smith county, and against Ed. Sharp and five others, his sureties on his official bond. Schmidt & Zeigler charged, that on December 6, 1872, they obtained judgment in the District Court of Anderson county against Sonbens and Stevens for fourteen hundred and sixty-one $\frac{54}{100}$ dollars; that on February 5, 1873, they caused to be issued an alias execution, directed to the sheriff of Smith county, which was mailed to

him, with instructions to levy at once on property specified; that the process and instructions were received, but that the sheriff, instead of levying, required an indemnifying bond; that, through the willful neglect of Robinson, the execution was not levied upon certain merchandise from which the debt could have been made; that the return of the sheriff, excusing his action, was false; that they had a judgment lien, through the registry of their judgment, on a house of Sonbens and Stevens, situate in Smith county, on which no levy was made, though Robinson had been instructed to levy, whereby Schmidt & Zeigler had been damaged two thousand dollars, the house having been since destroyed by fire.   The plaintiff in this motion prayed for service of "this motion" on Robinson and his sureties, and for final judgment for the amount of the judgment recovered against Sonbens and Stevens, with damages, &c.

The service of the motion was made on Robinson and his co-defendants by one "H. S. Spain, city marshal of Tyler, Smith county, Texas."   On the 8th of August, 1873, Robinson appeared, and, as he states, "for no other purpose than to except to the service of the citation in this cause," and moved to quash the service, because made by one not authorized to execute process.   On the same day, Robinson filed what he termed a demurrer to the jurisdiction, setting up that the defendants in the motion were resident citizens of Smith county, Texas, and that they could not be proceeded against as proposed in Anderson county.   On the same day, Robinson filed a formal plea to the jurisdiction, based on the question of his residence, and that of his sureties.   On the 31st of March, 1874, exceptions were filed to the plea to the jurisdiction.   In April, 1874, the court overruled exceptions filed to the service, "because it appeared, from the record, that on the same day the defendant made formal appearance by demurrer and plea in abatement, and it does not appear which was first filed, or but that proper service had been waived by the defendant."   A demurrer by plaintiff in the

motion to the plea in abatement filed by Robinson was sustained, to which defendant excepted. After one mistrial, a verdict and judgment was rendered for plaintiff in motion, for $1,958, with interest, against Robinson and his sureties, from which they prosecuted this writ of error.

*G. W. & H. Chilton,* for plaintiff in error.—The utmost presumption which could be indulged against the defendant, is that the pleas and motions were filed cotemporaneously; and we think it authoritatively settled, that the defendant had the right to do this, without waiving any right or motion which he might otherwise have urged. We quote the opinion of Justice Gould, which, we think, states the rule of law and established practice governing the question: (see Hagood *v.* Dial, 43 Tex., 627:) "Whilst the privilege of being sued only in the county of his residence, which our statute, with specified exceptions, gives a defendant, is waived if not asserted before answering to the merits, we think it is not waived where (as in this case, it is fair to conclude) the plea asserting it was filed cotemporaneously with other defenses. It was held very early by this court, that the common-law rules of pleading were inapplicable under our system to this plea. (Richardson *v.* Pruitt, 3 Tex., 228.) It is evident that the defendant did not intend, by his exceptions and pleas to the merits, to waive his privilege which he had already asserted."

We think the same rule should apply to this case. The defendant certainly could not have intended to have waived a defect so obvious and radical as that of the service in this case. The appellee, in his brief, does not cite any authorities in support of the action of the court on this reason, and we apprehend that none can be found.

On the question involving the sufficiency of the service of process by the marshal, they cited McClane *v.* Rogers, 42 Tex., 218.

*Greenwood & Gooch,* for defendants in error.—The appellants have assigned the following errors:

I. "That the court erred in overruling the defendant's plea and motion to quash the return on the citations in this case, and demurrer to the jurisdiction."

To this we say:

1st. The "motion to quash the service," "demurrer to the jurisdiction," and "plea to the jurisdiction," were all filed on the 8th day of August, A. D. 1873, and it does not appear from them that they were filed in due order of pleading; and if not, and perhaps if they were, the "demurrer," or "plea," was a voluntary appearance; and unless the motion to quash service was first filed and acted upon before filing the plea, it would have been error to sustain it, even if it had merits in it. After the pleas were filed, they were before the court properly, if not properly served.

2d. The motion to quash service was filed by J. A. Robinson for himself and other defendants, but not as an attorney; and we are not aware that his co-defendants could have filed a motion otherwise than by themselves or attorneys. Therefore, as to such defendants as were not parties to the motion, (and none were except Robinson,) it was not error to overrule it, if error as to Robinson.

3d. J. A. Robinson, Ed. Sharp, M. Wood, J. C. Shields, and D. B. Luckey (Shields and Luckey do not now complain) were served with citations and copies of the petition, by H. L. Spain, city marshal of Tyler, Smith county, Texas, the said defendants, as the return shows, being residents of Tyler. It is contended, in the motion, that they were not served by a proper officer.

In case of Burns *v.* Jones, 37 Tex., 50, we find this identical question adjudicated. Jones *et al.* sued Burns *et al.*, and the citation was served, by the town constable of La Grange, on Burns and wife. They, Burns and wife, moved to quash the return, on the ground that he was not the "constable of the county." The overruling of the motion was reserved,

and assigned as error.   The court say: " Service by any constable residing within the limits of the county, though he be elected or appointed to serve within a city, town, or village, is a sufficient compliance with the statute."

II. "That the court erred in overruling the defendant's plea in abatement, filed in this case."

To this we say:   We suppose this assignment refers to the plea of J. A. Robinson to the jurisdiction of the court.

1st. The plea to the jurisdiction of the person is a privilege, plea, and can only be plead by each defendant for himself, and not by one defendant for all others, he not answering as attorney for them.

Then this plea did not present the question of privilege except as to J. A. Robinson.   If it was error to disregard the plea, such error only extended to the case so far as related to him.

MOORE, ASSOCIATE JUSTICE. —We have been cited to no statute authorizing the service of process from the District Court by a town or city marshal because the sheriff may be a party to, or interested in, the suit or proceeding in which such process is issued.   If the sheriff is disqualified from executing process, the duty otherwise incumbent upon him, when the service here in question was had, unquestionably devolved upon one of the constables appointed for each of the justices' precincts of the county in which such sheriff resides. (Art. 5, sec. 21, Const. 1869; Paschal's Dig., arts. 995, 1014; McClane v. Rogers, 42 Tex., 214.)

It is insisted, by defendants in error, that service of a character similar to that here complained of, has heretofore been held sufficient by this court.   In support of this proposition, we are referred to the case of Burns v. Jones, 37 Tex., 50. The reporter, in his statement of this case, says: "The citation was served upon the defendants by the town constable of the town of La Grange, and the defendants, Burns and wife, moved to quash the return, insisting that the officer was:

not a ' constable of the county.' The overruling of this motion was reserved, and assigned as error." The only reference made in the opinion of the court to this assignment, is con-, tained in the following brief sentence: " Service by any constable residing within the limits of the county, though he be elected or appointed to serve within a city, town, or village, is a sufficient compliance with the statute."

Now, although we cannot certainly determine, either from the statement of the case by the reporter, or from the opinion of the court, the character of the officer by whom the citation was served, it is quite evident that it cannot, with any confidence, be asserted that the court intended to hold that process from the District Court issued to a constable might be properly served by the marshal of a city, town, or village, which we must do to recognize this case as an authority in support of the proposition for which it is cited.

While there are certain duties of a similar character which are to be performed by city, town, and village marshals, and constables, in their respective jurisdictions, there is certainly a marked difference in their character and functions. And we are not warranted in supposing that they have been otherwise regarded or referred to in the Constitution and laws, or in the opinions of our predecessors. And although it may not be strictly accurate to call or designate one of the constables of a county the "town constable," yet, as the justice of the peace and constable for the precinct in which the county seat or courthouse is situated, is not unfrequently referred to and spoken of as the constable or justice of the town where his court is held, we should rather infer that the objection upon which the court was passing was based upon an erroneous or defective description or official designation of the officer by whom the citation was served, than that the citation was served by a municipal instead of a county officer. At all events, we do not feel at liberty to make, as it seems to us, so palpable a departure from the obvious purpose and plain language of

the Constitution in force when this citation or notice was served, as we should have to do if we should hold it valid.

But it is insisted, by defendants in error, that if there was any defect in the service, such defect was waived by the voluntary appearance of the parties making the objection. Or if not, still none of the plaintiffs in error, except Robinson, can now complain of the refusal of the court to quash the service.

The first of these propositions, relied upon by defendants in error, has been directly passed upon and decided adversely to them by this court, and it need not, therefore, be now further considered. (Hagood *v.* Dial, 43 Tex., 625.) And if it was conceded that no exception to the service was properly taken by or for any of the parties but Robinson, it would in no way affect the result of the case in this court on the present writ of error. There can be but one final judgment in the case. The judgment as rendered in the District Court is an entirety, as to all of the parties against whom it is entered. It cannot be reversed and remanded as to some of the parties, and affirmed as to others, as has been often held by the court.

We are not prepared to say, on this record as presented to us, that the District Court of Anderson county had not jurisdiction in the premises. If this proceeding should be regarded as an ordinary suit against the sheriff and his sureties for a breach of official duty, we agree with the counsel for plaintiffs in error, that it should have been brought in the county in which they resided at the time it was instituted. But we are not warranted in saying, from the record as now before us, that it should have been, or was, thus treated or regarded by the parties or the court below. Throughout the original application, it is certainly denominated and called, by the parties instituting the proceeding, a motion. The language used by the draughtsman seems to indicate that it was intended as a proceeding under the statute authorizing a motion against the sheriff and his sureties for a breach of duty as therein charged. The citation or notice directed to the plaintiffs in

error, informs them that they are required to answer the "motion" exhibited against them, &c.; that the marshal by whom the service was made, calls the copy delivered to the parties served a "copy of the petition"; and that the application contains a full, or even "a prolix," statement of the grounds upon which it is based, or, indeed, that it may have contained unnecessary averments, and asked a judgment beyond that to which the applicants were entitled by the statute, would seem of no great significance, when the applicants themselves were evidently seeking to, and supposed that they were, proceeding under and in conformity to the statute. Whether this application was placed upon the motion docket, and disposed of with the dispatch consistent with the interest of the parties, and especially those who are required, it may be, to appear and answer a demand made against them in a distant county from that in which they reside, and where an ordinary suit could not have been brought against them, we do not feel now called upon to determine; and if we were, we are by no means sure we could do so in a very satisfactory manner, on the record as now presented.

Where a summary proceeding of this character is authorized by statute, its requirements must unquestionably be strictly followed, as has been often held by this court. And if they are not, if action by the court is properly invoked in manner and time, the rights of the parties will be fully secured and protected.

Treating this proceeding as a motion for the failure to levy an execution, we think it was properly made in the court from which the execution issued. Language precisely similar to that in the statute authorizing this motion, has been heretofore construed by this court, and held to authorize the motion in the county where the judgment on which the execution issued was rendered. This construction, as the court says, is in accord with what is believed to have been the long-settled practice and practical construction given the statute. (Griswold *v.* Chandler, 22 Tex., 637.)

Opinion of the court.

The remaining errors discussed by counsel are not presented by the record in such a manner as to require notice from the court; and may, and properly will, not be presented on another trial in precisely the same light in which they are now exhibited and discussed by counsel. It can, therefore, be of little service for us to express an opinion in reference to them. We will remark, however, that the defects in the charge of the court, and the alleged excess in the verdict of the jury, resulted, probably, more from the failure of the counsel of plaintiffs in error to ask such qualifying and explanatory instructions as the law and facts would have warranted, or from their failure to introduce proper evidence to this end, rather than from any positive error in the court. For instance, while the statute (Paschal's Dig., 3796) declares that if the sheriff fails to make a levy, when in his power so to do, being thereto required by the plaintiff, he shall pay to the plaintiff in execution the full amount of the debt, interest, and costs. We hardly suppose that the learned judge who presided on the trial of this motion, though holding, as it seems from his instructions to the jury, that proof of the failure to levy the execution would render him and his sureties *prima-facie* liable for the full amount of the debt, interest, and cost, that he would not have further instructed the jury, if called for by the evidence, and so requested, that this liability, however, might be limited, by proof by the defendants that only a less amount could, in fact, have been realized by the levy.

For the error of the court in overruling the motion to quash the service of the citation, or notice of the motion, the judgment is reversed, and the motion is remanded to the District Court.

REVERSED AND REMANDED.