[Opinion delivered May 31, 1880.]

---

R. A. BROWN v. JNO. A. MITCHELL ET AL.

(Case No. 3332.)

1. INTERVENOR — PRACTICE.— An intervenor, by making himself a party to secure his interest in property involved in litigation between a plaintiff and defendant, in making defense of his own right can plead and prove anything which can or will be a defense to the plaintiff's case, so far as it might affect his (intervenor's) own claim.   He does not, however, become the protector of the defendant, nor can the defendant derive any aid in his own case beyond what may be brought into it supported by his own defense, as made in his answer.

2. PLEADINGS — INTERVENOR.— If the defendant's pleadings do not admit of evidence of payment or satisfaction of the note sued on, he cannot defend or receive the benefit of such defense made by the intervenor, but the intervenor's rights cannot be injured by the defendant's conduct of his own defense; and a plea by the intervenor that the defendant had, "on November 1, 1874, fully accounted with the plaintiff, and settled and fully discharged the note on which plaintiff brings this suit to the full satisfaction of plaintiff, and any cause of action or right or lien that may ever have existed between plaintiff and defendant, by and under said note," was sufficient to admit evidence of satisfaction, and sustaining exceptions thereto was erroneous.

3. PRACTICE IN SUPREME COURT.— An error corrected by the judge below will not on appeal be presumed to have been injurious and cannot be revised, unless injury is shown to have resulted therefrom.

4. ERROR AS TO ONE DEFENDANT REVERSES AS TO ALL.— Error in the judgment as to one defendant is ground for reversing the entire judgment.

APPEAL from Robertson.   Tried below before the Hon. John B. Rector.

This suit was brought on the 11th of May, 1874, by R. A. Brown, against John A. Mitchell, on a note secured by a mortgage upon certain mules and other property described in the petition. On the 9th of June, 1874, L. K. Preston intervened in the suit, alleging in his petition of intervention that he held a valid and subsisting mortgage lien upon the same property, executed to him by Mitchell subsequent to the execution of the mortgage of plaintiff; that, on the 1st of November, 1874, subsequent to the accrual of plaintiff's cause of action, the defendant Mitchell fully accounted with plaintiff, and fully discharged the note sued on, and the mortgage lien thereon; that, in the institution of this suit, plaintiff and defendant had combined, in fraud, covin and collusion, to deprive intervenor of his lien upon the property, by asserting, under plaintiff's mortgage, a false, fraudulent and pretended lien on said property, well knowing that plaintiff had no lien thereon; thereby attempting to deprive and defraud intervenor of his lien.

Previous to the institution of this suit, the intervenor, Preston, had, on the 23d of April, 1874, brought suit in the district court of Robertson county against the defendant John A. Mitchell, in cause No. 2126, upon his note, and to foreclose his mortgage lien upon the property.

Afterwards, on the 24th of July, 1874, Preston recovered a judgment against Mitchell in cause No. 2126, foreclosing his lien on the property in suit.

On the 22d of August, 1874, R. A. Brown instituted a suit for, and obtained an injunction against Mitchell, Preston and the sheriff, in cause No. 2186, in the district court of Robertson county, restraining the sheriff and Preston from further proceeding under an order of sale which had been issued under the judgment in cause No. 2126.

On the 28th of July, 1875, this cause and the injunction suit, No. 2186, were consolidated, and the parties went to trial.

The court instructed the jury:

1st. That they would find for the plaintiff the amount of the note sued on and interest, and that the same was secured

by a mortgage lien on all of the property mentioned in plaintiff's mortgage dated December 20, 1871, except the crops to be raised, *unless said note has been paid or discharged by defendant Mitchell.*

2d. If the jury believe that Col. Herndon was the general agent of plaintiff Brown, and, acting within the scope of his authority from Brown, made an arrangement with Mitchell, by which Mitchell surrendered to Herndon, as the agent of Brown, a two years' lease on Brown's plantation, in consideration of which Herndon agreed that Mitchell should be held harmless on the note on which he is now sued, the plaintiff's note is extinguished and the jury will find for the defendant.

And you will further find that intervenor Preston has a lien upon the property in controversy, being the same described in his judgment introduced in evidence and in plaintiff's petition. If, however, Herndon made no agreement with Mitchell, as the agent of and for Brown, that Mitchell should be held harmless on the note sued on; if, in fact, Herndon's proposition to Mitchell was that the excess of the note sued on that might not be covered and discharged by the property mortgaged to secure said note should be released to Mitchell, then you will find for plaintiff as indicated in instruction No. 1.

3d. And, again, though you should find that Herndon was a general agent of Brown to transact his business in Robertson county, yet you are still called on to say whether it was within the scope of Herndon's authority to extinguish the note sued on in consideration of a surrender to him for Brown of the latter's plantation two years before the expiration of Mitchell's lease of said land, if he, Herndon, made such an arrangement with Mitchell.

4th. Was an instruction as to agency, etc.

5th. Application to the facts in evidence.

The plaintiff read in evidence note of defendant, Mitchell, of date December 20, 1871, and due twelve months, for $1,523.20 gold, with ten per cent. interest from date, the note reciting " the same being for the purchase money of

corn and farming implements, for which the said Brown now holds a crop lien. But in the event of failure of crop, the said $1,523.20, gold, is to be extended another twelve months, at the same rate of interest (say ten per cent. interest)," with credits indorsed.

Also another of same date, by same to same, for $1,600 gold, with ten per cent. interest, reciting "the same being the purchase money of sixteen mules, which the said Brown now holds a lien upon."

There was also in evidence mortgage of same date, December 20, 1871, by Mitchell, reciting indebtedness of $3,123.20 gold, evidenced by two notes, reciting as consideration that in both notes were for sixteen mules, two wagons, two thousand four hundred bushels corn, all farming implements on plantation, and also making a preferred *lien* or claim on his crop. Recorded February 2, 1872.

The intervenor proved his mortgage upon the sixteen mules and the wagons, by Mitchell to him, Preston, of date February 23, 1873, and recorded 8th March, 1873, to secure advances for supplies, not to exceed $1,200, and a note for $257.

It was in evidence that Herndon, the father-in-law and agent of Brown, prior to the execution of Mitchell's mortgage to Preston, had proposed to Mitchell to keep him harmless on the first note, $1,523.20, on his surrendering a two years' lease on Brown's plantation, by a fixed time. There was conflict between Herndon and Brown, in their testimony as to the compliance with the offer. Brown testified that he had surrendered the lease and delivered a flatboat to Herndon, in satisfaction of, or on Herndon's assurance of protection from the "provisions" note — that sued on. There was testimony that Preston, before making advancements and taking his mortgage, had consulted with Herndon and had become satisfied that the Brown mortgage has been satisfied or surrendered. Mitchell, on the trial, produced the $1,600 note which had been paid. Herndon's declarations, as testified to by himself, by Mitchell and others, after having been admitted, were by the court with-

drawn. The proceedings in the injunction suit were read in evidence, and Preston's prior judgment on his mortgage.

After the close of the testimony of the intervenor, plaintiff proposed to testify to matters connected with Preston's mortgage, and his testimony was excluded because not in rebuttal. The power of attorney from Brown to Herndon was not produced, and the testimony to its extent was conflicting.

The jury found a verdict for the defendant, Mitchell, and for Preston, on his intervention. Judgment was rendered accordingly.

Motion for new trial, based upon the rulings of the court, its charge and on the verdict, was overruled, and Brown appealed.

He assigned errors as follows:

Judgment against plaintiff in favor of Mitchell, contrary to law and evidence.

1. The court erred in excluding the testimony of R. A. Brown, as shown by bill of exceptions.

2. In admitting evidence objected to by counsel for plaintiff, as shown by bill of exceptions.

3. In the second division and part of the charge to the jury.

4. In the third division and part of the charge to the jury.

5. In the fourth division of the instructions to the jury.

6. In the fifth part and division of the charge.

7 and 8. Verdict contrary to evidence and the law.

*Wm. H. Hamman*, for appellant.

*Davis, Beall & Kemp*, for appellee.

A. S. WALKER, J.—The errors are discussed in groups as follows, by counsel for appellants, which are sufficiently indicated by the assignment of errors:

1. That the defendant Mitchell, having filed only a general denial, no evidence was admissible in his favor to defeat a recovery against him.

2. That there was no evidence under the intervenor's allegation of fraud to warrant the verdict and judgment.

3. That intervenor's plea of account, settlement and discharge of the note is a nullity, and interposes no defense.

4. That great injustice was done plaintiff by first admitting in evidence the declarations of Herndon against the plaintiff and then withdrawing them from the jury.

In the proceedings no very distinct separation was made between the rights of the defendant Mitchell, and the intervenor Preston.

The object of Preston in making himself a party was to secure his own rights in the property involved in the litigation between the original parties. To make defense of his own rights he could plead and prove anything which he could, which would be a defense to the plaintiff's case, so far as it might affect his (intervenor's) own claims. He did not become the protector of Mitchell. Nor could Mitchell derive any aid in his own case beyond what might be brought into it, and supporting his own defense as made in his answer.

If Mitchell for any reason could not, or would not, defend the action of the plaintiff, then plaintiff became entitled to all the consequences of Mitchell's action or non-action. If Mitchell's pleadings did not admit of evidence of payment or satisfaction of the note, he could not defend nor receive the benefit of such defense, based on payment made by intervenor. Brown, on producing his note and mortgage declared on, in the condition of Mitchell's pleadings, was as against him as much entitled to judgment as if Mitchell had confessed judgment.

But while such would result as to Mitchell's case, the rights of Preston could not be injured by Mitchell's conduct of his own defense.

The pleadings of Preston, as originally filed, and the general amendment, not excepted to, that "Mitchell had, November 1, 1874, fully accounted with plaintiff, and settled and fully discharged the note on which plaintiff brings this suit, to the full satisfaction of plaintiff, and any cause of action,

or right or lien that may ever have existed between plaintiff and defendant, by and under said note," were sufficient to admit the testimony offered by him, showing the satisfaction as to the note and lien to which his testimony was directed. Much of the testimony was in the nature of facts in estoppel from Herndon's acts and declarations. The declarations, which were subsequently withdrawn, were particularly damaging to the plaintiff's case, had they not been withdrawn.

There was evidence on which the jury may have found for Preston as against the enforcement of Brown's lien against the property mortgaged to him.

The court, on appeal, cannot ordinarily revise the act of the court below, in admitting improper testimony, when the court below withdrew the evidence from the jury. If injury were shown to have resulted, it might be considered. But an error, corrected by the judge below, will not be presumed to have been injurious.

Inasmuch as an error in the judgment as to one defendant is ground of reversal as to the entire judgment, and the more so when the error is in favor of the principal or only proper defendant, the erroneous finding against plaintiff on his note on Mitchell will require a reversal. Robinson v. Schmidt, 48 Tex., 19; Acklin v. Paschal, 48 Tex., 177.

We hold:

1. That intervenor's plea was sufficient to maintain his action against Brown.

2. That there is not sufficient error in the finding of the jury, as between Brown and Preston, to require a reversal.

3. That there is not shown any damage resulting to the plaintiff from the erroneous admission of Herndon's declarations, afterwards withdrawn, to require a reversal. But

4. Because of the erroneous verdict and judgment against Brown, as to Mitchell, the principal defendant, the case should be reversed.

REVERSED AND REMANDED.

[Opinion delivered January 25, 1881.]