## KIRKSEY ET AL. V. COLE.

1. PRACTICE: *Bill of exceptions.*

   It is improper to incorporate the pleadings in a case in the bill of exceptions. The object of a bill of exceptions is to bring upon the record for the supreme court that which does not already appear therein, and which it is necessary to bring to the notice of the appellate court.

2. STATUTE OF LIMITATIONS: *Homestead.*

   Under the homestead act of 1852, the homestead of a decedent vests (where there is no widow) in his minor children alone, as an entirety. As each child arrives at age his interest in the homestead as such expires, and he has no right to the possession and can bring no action for it until the youngest child arrives at age; and so, until then, the statute of limitations of seven years does not begin to run against him or his vendee in favor of any adverse occupant of the land.

Kirksey et al. v. Cole.

APPEAL from *Craighead* Circuit Court.
Hon. M. T. SANDERS, Judge, on exchange.

*E. F. Brown* for Appellant.

1. The claim and possession by appellee under color of title, do not constitute such an adverse holding as to enable him to recover in this suit under the plea of seven-years statute of lim·tations. *20 Ark., 516; Angel on Limitations, pp. 390–91–92 and 409-10.* And hence the court erred in refusing to give the jury the second instruction asked by appellants.

2. The right to the possession of the homestead of the ancestor in this case vested upon his death in his five minor children during their minority, and the holding of one was the holding of all; nor could any one of the minors abandon or be prejudiced in his rights; and the leaving of the rents and profits to the younger by the adult heirs was not an abandonment of the fee or the right of entry upon the coming of age of the youngest; and under the constitution of 1874 at least, would be a complete bar to the right of entry of the adults and their assigns during the minority of any one of the children. *Gould's Dig., ch. 68, sec. 29; Const. 1868, art. 12, sec. 5; Const. 1874, art. 9, sec. 6; 29 Ark., 280, 407, 633; Angel on Limitations, p. 371, note 1, also s. p. 372.*

3. The right of entry not being complete in appellants during the minority of any one of the children of the deceased, and the appellants being the assignees of the adult heirs and claiming solely under them, appellants were not prejudiced by the entry and holding of appellee until December 1, 1879; and less than four years after the majority of Lewis Howell brought this action; and hence appellants were not barred by the statute of limitations at the date of the suing out of the order of summons in this case, and we therefore submit that the

court erred in giving the first, second, third and fourth instructions for appellee. *23 Ark.,339; 35 Ark., 84; Ib., 626; 39 Ark., 472; 42 Ark., 29; Ib., 357; 10 Ark., 228; 32 Ark., 152; Angel on Limitations, s. p. 369–74; Moark's Underhill on Torts, 715.*

*Y. A. Cole* pro se.

The appellants are barred by limitation. Appellee having been in actual, adverse possession for more than seven years. *34 Ark., 598; 38 Id., 181; 44 Ark., 289; 41 Id., 53; 44 Id., 490.*

BATTLE J. Augustus Howell died on or about the first day of April, 1859, seized in fee and possessed of certain lands in Craighead county, which lie in a body and contain 160 acres. At the time of his death he resided upon and occupied these lands as his homestead. He was a married man and the head of a family, and left him surviving five children, George, Sallie, Caroline, Gaines and Lewis Howell. The youngest, Lewis, was about four weeks old when his father died. George and Sallie, on coming of age, conveyed their interest in these lands to John Simmons, and he conveyed to appellant, W. D. Kirksey. Caroline sold and conveyed her interest to William Edgar, who thereafter died leaving J. T. Edgar his only heir surviving him. Gaines sold and conveyed his interest to John Simmons, who afterwards, on the 5th day of August, 1879, sold and conveyed to appellee, Y. A. Cole; and on the 29th day of March, 1885, Lewis sold and conveyed to Cole.

On the 9th day of June, 1873, the sheriff and collector of Craighead county sold these lands to Cole for the taxes of 1872, and on the 10th day of June, 1875, the clerk of Craighead county pretended to convey them by deed to Cole, the same not having been redeemed. This sale and deed are admitted by all concerned to be void.

Kirksey, et al. v. Cole.

In 1875, Cole took possession of these lands; and on the 27th day of August, 1883, Kirksey and J. T. Edgar sued Cole in ejectment for possession. Cole answered the complaint, denying the title of plaintiffs and their right to possession, claiming exclusive possession and pleading the seven years' statute of limitation.

The only evidence about the entry of the defendant and his possession of the land, was the testimony of Joseph Simmons and the *defendant. Simmons testified that "John Simmons became the guardian of Gaines and Lewis Howell, and collected rents of defendant Cole and his tenants for two or three years after he went on the land."

Cole says he "got his tax deed in 1875, entered and stopped parties from cutting timber, and in December of that year went on the land with a tenant; repaired the fences; and that he had tenants on the land in 1876, 1877 and 1878, and that he had paid the annual taxes every year since 1875. He also testified that 'last year' (1884) he had built a house on the land."

Plaintiffs asked for and the court refused to give to the jury the following instruction: "And the jury are further instructed that, although they may find from the evidence that the defendant held continuous, unbroken, notorious, peaceable and adverse possession of the lands in controversy for seven years next before the bringing of this suit, yet, if they find that the plaintiffs were the owners of three-fifths of said lands, that said lands were the homestead of Augustus Howell at the time of his death, and that one or more of the children of said Howell were minors at the date of the entry of the defendant upon the said lands, and, that they, or either of them, did not arrive at the age of twenty-one years until within said seven years, then they will find for the plaintiffs the three-fifths of said lands, although they may find that such child, or children, did not,

during said seven years, reside upon said lands, or receive any rents or profits therefrom, either by themselves or their guardian."

And the defendant asked for, and plaintiffs objected to and the court gave, the following among other instructions, to the jury:

"The court is asked to declare the law to be, that a right of action accrued to the plaintiffs or their grantees upon the adverse entry of the defendant, and that the fact that a right of homestead in the premises in controversy existed in other and younger heirs of Augustus Howell, did not prevent the statutes from running against plaintiffs or their grantors.

" The jury are instructed that the saving to minors in reference to bringing actions after coming of age is personal to the minor; and if, upon becoming of age, a minor sells his land to another, the right of action accrues to the purchaser at once, and such purchaser cannot avail himself of the three years' saving in favor of minors."

A verdict was returned in favor of defendant, and upon it a judgment was rendered in his favor against plaintiffs. Plaintiffs filed a motion for a new trial, which was overruled, and they saved exceptions and appealed.

1. PRACTICE: Bill of exceptions. Before considering the questions involved in this action, we notice that appellants incorporated in their bill of exceptions the pleadings in this action, the complaint and answer. This was improper. They were already a part of the record of the case. The office of a bill of exceptions is to bring into the record that which does not otherwise appear therein, and which it is necessary to bring to the notice of the court to which appeal is taken.

Augustus Howell having died in 1859, the disposition of his homestead is governed by the homestead act of 1852. By the second section of that act the homestead of a deceased person,

Ki ksey et al. v. Cole.

who was, when living, entitled to the benefits of the act, is exempt from sale and execution, during the time it shall be occupied by his widow, or child, or children.

The object of this act, as defined by this court in *Tumlinson v. Swinney, 22 Ark., 404,* was "to secure to the householder, or head of a family, a *home*, a *dwelling place*, free from the claims of creditors, and protected from the invasion of officers of the law—an asylum where the family may live in independence and security, and which they may improve and make comfortable without the fear of being deprived of it, and turned houseless and homeless upon the world, by improvidence, or by the misfortunes and vicissitudes incident to life."

This wise and beneficent provision of the act of 1852 was extended to the widow and children of the owner of the homestead after his death. The act intended that the widow and children should enjoy the homestead as the husband or father could, and to provide for them the same protection. It recognized their dependence on the homestead of the husband and father for a home, and the necessity of providing for them protection and the comforts of a home against the creditors of the deceased. From this it is manifest that the minor children are the only children meant by; or referred to, in the act of 1852, and that they are only entitled to occupy the homestead during their minority. When they arrive at the age of majority they can acquire and hold a homestead in their own right, free from sale and execution, and are thrown upon their own resources with the duty of providing for themselves. *Booth v. Goodwin, 29 Ark., 633; Hoffman v. Neuhaus, 30. Texas, 633.*

The design of the act of 1852 was to continue the homestead *entire*, as the home of the widow or minor children, and that no right of the children should become operative to sever or divert such homestead from full occupancy and enjoyment as a home during the minority of any one of the children. To

2. HOMESTEAD

divide it would, in effect, partially destroy it and violate its sacred character. It has been likened to a joint tenancy, with right of survivorship. As each child arrives of age his interest in the homestead as such expires. " No partition can be made of it, nor can any of the children lessen or impair the rights of the others." *Johnston v. Turner, 29 Ark., 292; Trotter v. Trotter, 31 Ark., 145; Keyes v. Hill, 30 Vt., 759; Hoffman v. Neuhaus, 30 Texas, 633.*

The act provides that the homestead shall be exempt from sale and execution during the time it shall be occupied by the widow or children. Under this provision of the act is it necessary that the minor children of a deceased parent, who was entitled to a homestead exemption upon land, should actually reside upon and continuously occupy the same, in order to protect their homestead right to it? This question came up for consideration in *Booth v. Goodwin, supra,* and this court held, that " an infant is incapable, either by act or declaration, of abandoning or waiving his homestead right;" that "actual occupancy of the infant of the homestead place is not necessary, is not required of an infant;" that "it is the duty of his guardian to take possession of the homestead place, and to rent or lease it for the benefit of his ward, as a means for his support and education, and this must have been the possession and occupancy contemplated by the legislature, beeause it is the only one consistent with the condition of the minor child or children;" and that "the effect of the homestead act was to suspend the rights of the creditors until the child or children become of age, and are presumed to be capable of taking care of and supporting themselves."

Statute of limitations.

There is no controversy as to the lands sued for being the homestead of Augustus Howell, at the time of his death, or his right to hold the same free and exempt from sale or execution. This being true, the lands descended, at his death, as a homestead to his minor children to hold during

minority.   As each one  arrived  of age, he  or she ceased to have any  right to occupy or  use the  same  in  any way, to the possession thereof, until all  reached the age  of their majority. Plaintiffs' right  of action, therefore, did  not  accrue until the youngest child,  Lewis, was twenty-one  years old, which was some time in  1880, and·the .seven years' statute of limitation did not commence running until then.   *Cox v. Britt, 22 Ark., 567; Jones v. Freeds, 42 Ark., 357.*

The defendant being  in  possession of the  land in  controversy, and  denying the  plaintiffs' right to  possession, and  asserting adverse title in himself, plaintiff was entitled to institute this action against him.   In  order  for defendant  to sustain his plea of the  seven years'  statute of  limitation  in  bar of their right to  recover, it  is  necessary for  it  to  appear that  he held actual,  open,  continuous,  hostile and  exclusive  possession of the  land sued for, for the  full  period  of  seven years after this right of action accrued.   *Sharp v. Johnson, 22 Ark., 79; Byers v. Danley, 27 Ark., 77;  Ringo v. Woodruff, 43  Ark., 469;  Trapnall v. Burton, 24 Ark., 371.*

The court erred  in  refusing  to  give  the  instruction asked for, and in giving those given, above set forth, and in overruling plaintiffs' motion for  new trial.

The  judgment  of  the  court  below is, therefore, reversed, and this cause is remanded with an instruction to the court to grant appellants a new trial.