OVERTON *v.* LOHMANN.

Opinion delivered February 17, 1900.

1. BILL OF EXCEPTIONS—EVIDENCE.—The statement in a bill of exceptions that it was agreed that either party could use as evidence such portions of the records of the circuit court as he desired does not show that any portions of such records were in fact read as evidence. (Page 467.)

2. SAME—PRESUMPTION.—Where a bill of exceptions is confused and contradictory, doubts as to its meaning must be resolved against the appellant, and in support of the judgment. (Page 468.)

3. APPEAL—WHEN JUDGMENT AFFIRMED.—Where a reversal is sought on the ground that the judgment was not supported by the evidence, the judgment will be affirmed if it cannot be determined from the bill of exceptions with certainty what the evidence was. (Page 468.)

Appeal from Phillips Circuit Court.

HANCE N. HUTTON, Judge.

*Tappan & Porter,* for appellant.

An answer alleging inconsistent defenses is bad on demur-

rer.   Bliss' Code Pldg. §§ 342, 343.   Denials must be direct.
33 Ark. 227.   Appellant could, after surrendering his tenancy,
set up the title he had acquired to the land.   15 Ark. 104; 33
Ark. 536; 31 Ark. 471; 33 Ark. 195; 42 Ark. 289;  64  Ark.
453.   The decree in the overdue tax case is conclusive in any
collateral proceeding.   49 Ark. 336;  50  Ark.  188;  11  Ark.
521;  49  Ark.  419.   Where  land is forfeited to the state for
non-payment of taxes, it is not thereafter subject to sale by
the county collector for the taxes for which it has been for-
feited, or any others.   56 Ark. 279.   The tax sale is a nullity,
and appellee is not entitled to recover either what he  paid  or
the value of his improvements.   31 Ark. 279; 37 Ark. 101; 51
Ark. 397; 57 Ark. 474.   Neither laches nor limitation can be
pleaded against the state.   63 Ark. 56; 23 Ark. 642; 9 Wheat.
720; 13 Wall. 92; 105 U. S. 271; 51 Ark. 33; 6 Pick. 408; 4
Am. Dec. 488, S. C. 4. H. & M. 57; 7 Am. Dec. 737, S. C. 4 Bibb,
62; 27 Am. Dec. 613, S.  C.  5 Lea, 512; 32 Am. Dec. 718,
S. C. 5 Ohio, 298; 95 Am. Dec. 729; 24 Ia. 283; 67 Am.
Dec. 471; 27 Pa. St. 339.   Nor does the statute run against
the grantee of the state until after the state parts with  title.
16 Al. 239; 3 Metc. (Ky.) 50; 4 Wall. 202; 22 Wall. 444;
117 U. S. 151.

   *Jacob Trieber*, for appellee:

   The bill of exceptions is defective, and presents nothing to
the court.   Where an extension of time beyond the term is given
to prepare a bill of exceptions, it does not become a part of the
record, when settled by a judge in vacation, unless filed by the
clerk within the time allowed by law.   53 Ark. 415; 45 Ark. 102;
42 Ark. 488;  58 Ark. 110;  35 Ark. 386;  *ib.* 395.   Copying
the pleadings in a bill of exceptions does not bring them before
this court.   34 Ark. 696;  47 Ark. 504.   A general finding in
favor of a party is sufficient to support a judgment, and is con-
clusive on appeal.   65 Ark. 14;  53 Ark. 537.   In the absence
of a showing as to what declarations of law were made by a
court, the presumption is in favor of their fullness and correct-
ness.   46 Ark. 207;  36 Ark. 491.   The instructions having
been presented and excepted to in gross, if any one of them
was bad, they were properly refused.   28 Ark. 8;  38 Ark.

528.   Inconsistent defenses, pleaded in separate paragraphs, are permissible.   35. Ark. 560.   Where a demurrer is made to an answer setting up several defenses, it is properly overruled if any of them are good.   31 Ark. 301; 37 *ib.* 32.   Where a court finds generally for a party, the presumption is that all facts necessary to such finding are also found true.   53 Ark. 537; 65 Ark. 14.   There was no legal confirmation of the sale to the state, and no title passed thereby.   53 Ark. 445; 59 Ark. 5. The sale being void, the land was liable to taxation and sale. 34 Fed. 70; 140 U. S. 646.

RIDDICK, J.   We are of the opinion that the judgment appealed from in this case should be affirmed for want of a proper bill of exceptions.   The action was one in ejectment to recover 80 acres of land, and was tried before the circuit judge without a jury, who gave judgment in favor of the defendant. The bill of exceptions improperly includes all the pleadings and orders of the court to the final judgment, but leaves us in doubt as to what evidence was before the court.   It commences by saying that the cause was heard by consent before the court sitting as a jury, and continues as follows:   "Thereupon the plaintiff offered the complaint in evidence and a deed from the commissioner of state lands of this state to said plaintiff conveying the lands in controversy to him, which said deed was made an exhibit to the complaint.   And the said defendant thereupon read his answer to said complaint and also a deed executed by the county clerk of Phillips county to said defendant for the land in controversy, which was an exhibit to said answer; and thereupon an agreed statement of facts, which was made a matter of record, and is included in judgment on page 17, was also read,—which was all the evidence in this case."   It then states that plaintiff offered instructions, which were refused.   That the court gave judgment for defendant, and afterwards overruled a motion of plaintiff for a new trial, to which plaintiff excepted.   All this is contained on the first page of the bill of exceptions.   On other pages following is set out the complaint, a deed to plaintiff from the commissioner of state lands, a decree of the circuit court of Phillips county in an overdue tax suit ordering the

sale of certain lands (among them the land in controversy), and a subsequent order confirming the sale. After this follow the answer of defendant, a clerk's tax deed conveying the land to defendant, certain motions, orders of the circuit court, the final judgment, instructions asked by plaintiff and refused by the court, motion for new trial, order overruling same, order granting the appeal, and then, in conclusion, the following: "And thereupon the plaintiff comes on this, the 20th day of May, and tenders this, his bill of exceptions, which he asks may be signed, sealed and enrolled as such in this cause, and be made a part of the record thereof.

"Given under my hand, this day May 21, 1898.

"H. N. HUTTON, Judge First Judicial Circuit."

It will be noticed that the bill of exceptions specifically states that the only evidence introduced was the complaint and deed from state land commissioner, the answer and deed from clerk of Phillips county, and, in addition thereto, an agreed statement of facts, which the bill of exceptions states was read in evidence, and incorporated in the judgment. But the judgment does not contain any agreed statement of facts. The only reference therein to an agreement is the statement that the court finds by agreement of counsel that the rent for 1897 was nothing, and for 1898 was seventy-five dollars, and the following statement: "It is further agreed in open court that each party may use such part of the record of this court as he may choose as testimony in this case." Though this statement is placed at the close of the final judgment, we suppose that the agreement it contains was made before the judgment, as it is not apparent how evidence could have been introduced after the rendition of the judgment deciding the case. This statement in the judgment entry shows that the parties had agreed as to the admissibility of certain records, but it does not show that any such records were in fact read, nor does it contain any agreement as to the facts of the case. There appears in the bill of exceptions, as before stated, a copy of decree and order in an overdue tax case, and we think it probable that this decree and order were used in evidence, and that the agreed statement of facts, which the bill of exceptions states was

read in evidence, refers to the agreement above mentioned allowing either party to use such portions of the record of the circuit court as he might choose as evidence. But this is only a supposition on our part. The bill of exceptions states that, besides the pleadings, nothing except two deeds and the agreed statement of facts was read in evidence. As to what this agreed statement of facts was we are left in doubt. Nor can we say whether the decrees in the overdue tax suit copied in the record were read in evidence or not. The statement in the bill of exceptions that only two deeds and an agreed statement of facts were read in evidence seems to exclude these overdue tax decrees. And the mere agreement that either party could use as evidence such portions of the records of the circuit court as he desired does not show that any such record was in fact read as evidence. The bill of exceptions does not affirmatively state that it contains all the evidence, while the presence of these overdue tax decrees in the record, the reference to an agreed statement of facts, and the findings of the circuit judge as to the adverse possession by the defendants and on other points indicate that there was evidence before him not found in the bill of exceptions.

We know that it is often necessary to prepare bills of exceptions in haste, and we therefore overlook matters of form; but when we are asked to reverse the judgment of the circuit court in a cause when it is necessary for us to know the evidence before the court, that evidence should be set out with a reasonable degree of certainty.

The bill of exceptions is generally prepared by the counsel for appellant, and, when it is confused and contradictory, doubts as to its meaning must be resolved against the appellant, and in support of the judgment. 3 Enc. Plead. & Prac. 509, and cases cited.

The only ground set up in the motion for new trial that would be tenable in any view of the evidence is that the finding and judgment is not supported by the evidence. As we are not able to say from the bill of exceptions with any reasonable degree of certainty what that evidence was, the judgment must be affirmed.