### BERGER *v.* HOUGHTON.

Opinion delivered November 11, 1907.

1. APPEAL—PROVINCE OF BILL OF EXCEPTIONS.—The office of a bill of exceptions is to bring on the record such matters as are not already parts of the record in the case. (Page 343.)

2. SAME—PRESUMPTION.—Doubts which arise from the bill of exceptions as to its true contents by reason of its confused shape in the record must be resolved against the appellant and in support of the judgment appealed from. (Page 343.)

Appeal from Craighead Circuit Court; *Frank Smith,* Judge; affirmed.

*T. H. Caraway,* for appellant.

Sureties can not recover against a bankrupt after his discharge, even though they paid the debt afterwards. Acts Cong. 1898, § 63, subd. 1, and § 57, subd. 1; 26 Ark. 231, overruling 6 Ark. 241; 10 Ala. 589; 7 How. 117; 88 N. W. 351.

*Charles D. Frierson,* for appellees.

The contingent claim of a surety is not provable, and the debt was not discharged. 121 Fed. 699. The transcript fails to state that the evidence was all the evidence adduced. 17 Ark.

327. The bill of exceptions shows conclusively that it did not. 44 Ark. 74; 42 *Id.* 29.

McCULLOCH, J. This case was tried before the circuit judge sitting as a jury, and it is contended by appellants that the evidence adduced does not warrant the finding in favor of appellees.

The state of the record does not justify us in reversing the judgment. There is no bill of exceptions in the record.

The transcript begins with copies of the pleadings; then follow, in the order named, what purports to be an agreed statement of facts signed by the attorneys, a copy of the note sued on, an order of discharge in bankruptcy, a petition in bankruptcy, order of the court noting the filing of defendant's answer, judgment of the court, order of court overruling motion' for new trial, the motion for new trial, and a certificate of the trial judge to the effect that the court overruled the motion for new trial, and that defendants excepted thereto and were allowed sixty days in which to file their bill of exceptions. The certificate concludes as follows: "Whereupon the defendants tender this their bill of exceptions, which is signed and sealed by the court, and ordered to be made a part of the record herein." There is no caption or anything else to show where the so-called bill of exceptions begins nor what it contains. We can not presume that the judgment of the court and other record entries which are preceded by the other papers recited above, were included in the bill of exceptions, as those proceedings find no proper place in a bill of exceptions. The office of a bill of exceptions is to bring on the record such matters as are not already parts of the record in the case. *Overton* v. *Lohmann,* 67 Ark. 464; *Ashley* v. *Stoddard,* 26 Ark. 653; *Anthony* v. *Brooks,* 31 Ark. 725; *Randolph* v. *McCain,* 34 Ark. 696; *Kirksey* v. *Cole,* 47 Ark. 504.

If we were to treat the copy of the judgment of the court which appears in the transcript as a part of the bill of exceptions, we should be compelled to dismiss the appeal, as the record entries must be certified by the clerk, and not by the trial judge. *London* v. *Hutchens,* 80 Ark. 410. All doubts arising from the bill of exceptions as to its true contents by reason of its confused shape in the record must be resolved against the appellant

and in support of the judgment appealed from.  *Overton* v. *Lohmann, supra.*

Judgment affirmed.