SPRINGFIELD BUSINESS COLLEGE *v*. STEPHENS.

Opinion delivered January 31, 1921.

1. APPEAL AND ERROR—DEFECTIVE TRANSCRIPT.—A transcript on appeal containing copies of the pleadings, the proceedings before the justice of the peace, the evidence, instructions and verdict, motion for new trial and order overruling same, the trial judge's certificate stating that "the plaintiff presents this as its bill of exceptions," etc., and the clerk's certificate stating that the foregoing pages "contain a true and complete transcript of the record and proceedings," etc., *held* that the condition of the record was too uncertain for the court to determine what the bill of exceptions contained.

2. APPEAL AND ERROR—DISMISSAL.—Where the record on appeal does not contain the judgment properly certified by the clerk, the appeal will be dismissed.

Appeal from Clay Circuit Court, Western District; *R. H. Dudley*, Judge; affirmed.

*C. T. Bloodworth*, for appellant.

1. In view of the undisputed facts as disclosed by the evidence, the verdict is contrary to the law and the evidence.

2. The court erred in admitting Willam Stephens' testimony to go to the jury, and the verdict is contrary to law.  28 Ark. 550.

3. The instructions are clearly error in submitting undisputed facts to a jury.  69 Ark. 489; 67 *Id.* 147.

4. Taylor was the agent and president of the college corporation, and his contracts bound the Springfield Busniess College. The instructions are in direct conflict with the undisputed eveidence.

*F. G. Taylor,* for appeellees.

There is no proper bill of exceptions in the record. 84 Ark. 342; 80 *Id.* 410. If there were, there is no merit in the appeal. Every question raised has been settled in the former decision in this case. 134 Ark. 311. Appellants, having received the machine, are liable for it. 48 Ark. 188; 92 *Id.* 335; 17 Cyc. 409 and note 80. The evidence overwhelmingly sustains the verdict.

McCulloch, C. J. This action was commenced by appellant before a justice of the peace of Clay County, and was tried there on the right of action asserted by appellant and a counterclaim of appellee. On appeal to the circuit court it was tried anew, and judgment was in favor of appellee.

The errors complained of are such as must be shown in a bill of exceptions. The record is in substantially the same condition as was the record in the case of *Berger* v. *Houghton,* 84 Ark. 342, where we decided that the condition of the record was too uncertain for us to determine what the bill of exceptions contained, and that the judgment must be affirmed on that account. The transcript begins with copies of the pleadings and proceedings before the justice of the peace, including the note sued on, and then follows what purports to be the evidence adduced in the circuit court, the instructions, verdict, motion for new trial and order overruling same and the certificate of the trial judge stating that the plaintiff "presents this as its bill of exceptions herein and prays that the same be filed and approved, and the court, after examination, doth approve said bill of exceptions and doth order that the same shall be filed by the clerk and made a part of the record." Then follows the certificate of the clerk that "the foregoing thirty-three pages of typewriting contain a true and complete transcript of the record and proceedings, etc."

We said this in the case just cited: "We can not presume that the judgment of the court and other record entries which are preceded by the other papers recited

above, were included in the bill of exceptions, as those proceedings find no proper place in a bill of exceptions."

It is impossible for us to determine from the certificate of the trial judge where the bill of exceptions begins or what it contains, for, if we assume that all of the transcript precedes the certificate, then there is no judgment properly certified by the clerk and a dismissal of the appeal would necessarily have to be entered. *London* v. *Hutchens,* 80 Ark. 410. We assume, however, that the judgment entry is not a part of the bill of exceptions but a part of the transcript certified by the clerk, and, that being true, there is nothing in the transcript following the copy of the judgment entry which would disclose the errors of the court complained of.

Judgment affirmed.