### HERSHY v. MACGREEVY & YANTIS.

1. EVIDENCE: *Verified complaint in action on account.*

   When a complaint in an action upon an account, refers to the account, which is attached to it, for the several items and their separate value, and alleges that the items are worth the amounts charged and that the defendant is justly indebted to the plaintiff in the amount claimed, and is properly verified, it sufficiently complies with section 2915, Mansfield's Digest, which makes a verified account *prima facie* evidence of its correctness until denied by the defendant under oath, and will authorize a judgment by default for the amount of the account without further evidence.

Hershy v. MacGreevy & Yantis.

2. PLEADING: *Striking from files for scandalous matter.*
    When a pleading is replete with irrelevant and scandalous matter the
    court may properly strike it from the files.


APPEAL from *Sebastian* Circuit Court.
Hon. R. B. RUTHERFORD, Circuit Judge.


*Sanders & Husbands* for appellant.

The complaint did not state a cause of action. It does not allege that the services were completed; that the suits had terminated, or the relation of client and attorney had ceased. Without such allegation there is no cause of action stated. See *Phelps & Jones v. Patterson, 25 Ark., p. 185.* A complaint must state facts sufficient to constitute a cause of action. This one does not.

A defendant by allowing judgment to go by default, may in effect admit the facts stated in the complaint, *but does not admit that those points constitute a cause of action. Johnson v. Pierce, 12 Ark., p. 600; Hunt et al. v. Burton et al., 18 Ark., 194; Chaffin et al. v. McFadden, 41 Ark., 43; Odd Fellows Association v. Hogan, 28 Ark., 261.*

It was error to render judgment for the amount of the account sued on *without any proof of the value of the services. Page v. Sutton v. Orlopp, 29 Ark.; 305; Taylor, Radford & Co. v. Hathaway, 29 Ark., p. 599; Beel & Carlton v. Welch, 38 Ark., p. 149.*

The lower court abused discretion in refusing appellant time to answer after verification of the complaint. In order to entitle plaintiff to judgment he should have on file such complaint as the law regards, and sworn to as the law requires. Appellant was not required to answer the unsworn to complaint. He could have a rule on plaintiff to verify on pain of dismissal.

The court below erred in refusing to set aside the judgment and grant a new trial as asked by appellant.

In his motion for new trial appellant stated most of the usual grounds for new trial, and also he stated that he had a meritorious defense, and set forth what it was, and exhibited the evidence of same. The practice of this court has been to set aside *default* judgments for less cause and weaker reasons than those relied on in this case by appellant. *Browning et al. v. Roane et al., 9 Ark., 355; Fullerton v. Hought, 12 Ark., 399; Kupferle v. Merchants' National Bank, 32 Ark., 719.*

Under the rulings of this court this is a proper case for the exercise of the corrective power over abused discretion of the lower court. See *21 Ark., p. 460; ib., 329; 22 Ark., p. 164; 26 Ark., p. 323; 26 Ark., p. 421.*

*MacGreevy & Yantis*, appellees, *pro se.*

No authorities need be cited in this cause.

The points appellees rely on are too well settled in this state to justify it.

The motion for a new trial being filed out of time it was discretionary with the court to receive it. No cause was shown, and therefore, the court properly exercised its discretion in striking.

The judgment on its face shows that evidence to justify it was had.

COCKRILL, C. J. This is an appeal from a judgment by default in a suit upon an account. The court heard no testimony on the rendition of judgment, but the judgment entry recites that the account was duly verified.

In suits upon accounts the statute makes the affidavit of the plaintiff that his account is "just and correct" *prima facie* evidence of the fact. No further burden is cast upon him until the correctness of the account is denied. *Mansf. Dig., sec. 2915.* Upon failure to answer the material allegations of the complaint they stand confessed; the affidavit proves the value of the goods sold or services rendered, and there is no necessity for proof of any other fact to enable the court to pronounce judgment. *Ib., 5175.*

*1. EVIDENCE: Verified complaint on account*

It is not necessary that the affidavit to the account should be in the language of the statute or that it should be attached to the account itself. The spirit of the statute is complied with when, as in this case, the complaint, after a proper reference to the account, which is attached to it, for the several items and their separate value, alleges that the services performed are worth the amounts charged and that the defendant is justly indebted to the plaintiff in the amount claimed, and the complaint is itself properly verified. This is, in substance, a verification of the account.

The court did not abuse its discretion in refusing to open the judgment. In the original motion for relief against the default no effort was made to show a meritorious defense to the action. Several amendments to the motion were subsequently filed in which it was alleged that some of the items of the account were in excess of the contract for services agreed upon by the parties, and that in others a charge was made in excess of the value of the services rendered; but these amendments were replete with irrelevant and scandalous matter and the court properly caused them to be stricken from the files.

*2. Pleading stricken from files for scandalous matter.*

As to diligence in making his defense none was shown. The defendant alleged, in his first motion, that he supposed he had counsel who would attend to his interest but his subsequent allegations and the exhibits which

he filed in support of them show that he was not sincere in his first statement; for his excuse in the end for this negligence was that no resident attorney would undertake to make his defense for him, and that the non-resident attorneys applied to would appear in his behalf only upon condition that the case could be transferred to their home court. The circuit judge, doubtless, understood that the inability to procure legal assistance had been brought upon the defendant by his own conduct, and his paltering with the court in the matter in hand could not commend the reasonableness of the excuse for suffering the default.

Affirm.