STIEL & COMPANY v. IDE & COMPANY.

Opinion delivered January 11, 1915.

1. PLEADING—SUFFICIENCY OF ALLEGATIONS—DEMURRER—MOTION TO MAKE MORE SPECIFIC.—In an action on an account the complaint stated in general terms that the defendant was indebted to the plaintiff on account in a certain sum, and an exhibit to the complaint was filed containing an itemized statement of the account duly verified; *held*, the complaint was sufficient to notify the defendant that the amount was due on account, and a demurrer thereto was properly overruled. An objection to the complaint should have been made by motion to make more definite and specific.

2. PLEADING—DEMURRER—JUDGMENT.—Where the defendant in an action on an account, after his demurrer to plaintiff's complaint was overruled, refused to plead further, and failed under oath to deny the correctness of the account, it is the duty of the court to render judgment in favor of the plaintiff.

3. MOTION TO SET ASIDE JUDGMENT—ABSENCE OF DEFENDANT—DILIGENCE OF COUNSEL.—In an action on an account, the court overruled defendant's demurrer to the complaint, and, the defendant refusing to plead, rendered judgment against the defendant. *Held*, the judgment will not be set aside on motion upon the allegation that defendant was absent when the judgment was rendered, and that it was rendered without his knowledge, since the attorney who represented the defendant at the time the judgment was rendered was his duly accredited attorney, and no diligence was shown in making any defense that the defendant might have had.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks,* Judge; affirmed.

*Morris M.* and *Louis M. Cohn,* for appellant.

1. The complaint practically is barren of allegations required by law. 3 Ark. 389, 592. Allegation of demand was necessary; its absence ground of demurrer. 3 Ark. 592; Newman Pl. & Pr. (1871) 367. The demurrer should have been sustained.

*Hutton & Harkey,* for appellee.

1. The appeal should be dismissed and judgment entered here. The demurrer was properly overruled, as was the motion to set aside the judgment. Kirby's Dig., § 3151; 46 Ark. 498; 95 *Id.* 403.

2. Demand is not necessary before suit on an account. 8 Ark. 147; 13 *Id.* 69. Failure to demand is no

ground of demurrer. 13 Ark. 69; Norton on Bills and Notes (3 ed.) 366-7, and note 110; 13 Pet. 136.

HART, J., Ike Stiel Co. prosecutes this appeal to reverse a judgment on account.

This suit was instituted in the circuit court by Geo. P. Ide Co. against Ike Stiel Co. The complaint, omitting the caption, is as follows:

Plaintiff states that the defendant is indebted to them on account in the sum of three hundred and twenty-seven dollars and eighty-eight cents. An itemized verified account of said indebtedness is filed herewith and made part of this complaint.

Wherefore plaintiff prays judgment in the sum of $327.88 and for interest and costs and all proper relief.

Attached to the complaint was an itemized statement of the account which was duly verified by the plaintiff. The defendant filed a general demurrer to the complaint which was overruled by the court. The defendant elected to stand on its demurrer and refused to plead further. Whereupon the court rendered judgment in favor of the plaintiff for amount with accrued interest. The defendant has duly prosecuted an appeal to this court.

(1-2)  It is contended by counsel for the defendant that the court erred in overruling its demurrer. We do not think so. In the case of the *Arkansas Life Insurance Co.* v. *American National Life Insurance Co.,* 110 Ark. 130, the court said: "In testing the sufficiency of a pleading by general demurrer every reasonable intendment should be indulged to support it." The court further stated that if the facts stated, together with every reasonable inference therefrom, constituted a cause of action, then the demurrer should be overruled. The complaint states in general terms that the defendant was indebted on account to the plaintiff in the sum of $327.88. This was a sufficient allegation to notify defendant that it was due to the plaintiff that amount of money on account and the court properly overruled the general demurrer to the complaint. At most it was a complaint

defectively stated. An objection to it should have been made by motion to make more specific and definite instead of by general demurrer. The exhibit filed to the complaint contained an itemized statement of the account, duly verified by the plaintiff in accordance with the provision 3151 of Kirby's Digest. When the defendant refused to plead further and failed under oath to deny the correctness of the account, either in whole or in part, it was the duty of the court, under the provisions of the statute just referred to, to render judgment in favor of the plaintiff.

(3) On a subsequent day of the court the defendant made a motion to set aside the judgment on the ground that the president of the defendant company was out of the city and that judgment had been rendered without his knowledge or consent. That through some misunderstanding, the attorneys of the defendant permitted the judgment to be entered against the defendant, and that the defendant had certain rights which could only be set up by answer. The court refused to open the judgment and there was no error in the action of the court in this respect. The attorney who represented the defendant at the time the judgment was rendered was its duly accredited attorney and no diligence in making any defense the defendant had is shown. Therefore the the court did not abuse its discretion in refusing to open the judgment. See *Hershy* v. *McGreevy & Yantis,* 46 Ark. 498.

It follows that the judgment must be affirmed.