MIZELL, *et al.*, *v.* McDONALD, *et al.*

The defendant, after default, and upon inquiry as to damages, in an action of assumpsit by attachment, has a right to introduce evidence in mitigation of damages.

It is error to render judgment in an attachment suit against the surety in the bond for the release of the property attached.

*Error to Clark Circuit Court.*

Hon. E. J. SEARLE, Circuit Judge.

FLANAGIN, for the plaintiffs.

The default admitted the plaintiffs' right to some damages, but not any particular amount. *Thompson v. Haislip, 14 Ark., 220.* It follows that the defendant may show that the charges are too high, that the liability was under a contract or agreement fixing a less amount, or that a portion of the charges are unsupported by the facts, as the maintaining of these several positions are entirely consistent with the legal admission that some damages are due.

There was no declaration, motion, notice or appearance, as against the surety in the bond, for the release of the property, and the judgment against him was either erroneous or void. *Cheek, et al., v. Pugh, 19 Ark., 574.*

WITHERSPOON, for defendants.

The error in rendering judgment against the surety, in the bond given for the release of the property, is a mere nullity as to him, and no cause for reversal as to the defendants. *Cheek, et al., v. Pugh, 19 Ark., 576.*

The defendants below should have moved to set aside the judgment *nil dicit* before they could come in and introduce

evidence or object to the assessment of damages. *Touchstone, et al., v. Harris, et al., 22 Ark., 366.*

WALKER, C. J.

This case comes before us upon a writ of error to the Clark circuit court.

McDonald & Co. brought an action of assumpsit, by attachment, against Baker & Mizell. The writ of attachment was levied upon the property of the defendants, who entered into bond, as required by statute, for the release of the attached property. Having failed to defend the action, judgment by default was rendered against them, and a writ of inquiry awarded to assess damages. Upon the trial before the jury for that purpose, the defendants offered to introduce evidence in mitigation of damages, but the court refused to permit them to do so; to which opinion of the court the defendants excepted. The jury proceeded to render their verdict, and judgment was rendered thereon for the plaintiffs, against the defendants, and also against their surety in the bond given for the release of the property.

Two questions are presented for our consideration, the first of which is: Had the defendants a right, after default, and upon inquiry as to damages, to introduce evidence in mitigation of the damages? The second, as to the right of the plaintiff to take judgment against the surety in the bond given for the release of the property attached.

As regards the first question, the defendants, by failing to plead in bar, confessed the plaintiffs' right to recover damages, but not the amount of damages claimed in the declaration; because, if such is the effect of a judgment by default, then there would be no necessity for calling a jury to inquire of damages, and judgment would, without the intervention of a jury, be rendered for the amount of damages set forth in the plaintiffs' declaration. It must therefore follow, that although the assumpsit to pay for the goods, averred to have been sold

and delivered is admitted by the default, and no longer an open question for contest, such is not the case as regards the amount of damages to be recovered. In the case of *Thomson v. Haislip, 14 Ark., 220,* this court recognized this rule, and held that, upon a writ of inquiry of damages, the defendant had a right to cross-examine a witness introduced by the plaintiff, and that it was error to refuse such permission. And we think that, upon principle, the decision in that case is alike applicable to this. The open question before the jury was as to the amount of the damages to be assessed, and if the defendant be permitted (as we have held he should be) to cross-examine a witness introduced by the plaintiff, for the purpose of reducing the amount of damages, we think, for the same reason and upon principle, he should be permitted to introduce evidence for that purpose.

The counsel for the defendants in error contends that, in order to let in such evidence, the defendants in the court below should, upon motion, have had the judgment by default set aside; in support of which he cites the case of *Touchstone v. Harris, et al., 22 Ark., 365 ;* but in that case, no question in regard to the admissibility of evidence was raised. The right to assess damages was, in that case, controverted, not by the introduction of evidence to reduce the damages, but as to the right of the plaintiff to any damages—a fact which default admitted to be true, and upon which an interlocutory judgment had been rendered.

That it was error to render judgment against the surety on the bond for the release of the property attached, there can be no doubt.

Judgment reversed.