LONDON v. HUTCHENS.

Opinion delivered November 5, 1906.

1. APPEAL—TIME OF FILING BILL OF EXCEPTIONS.—A bill of exceptions may not be considered if it was not filed with the clerk within the time allowed by the court. (Page 411.)

2. SAME—PROVINCE OF BILL OF EXCEPTIONS.—It is not the province of the bill of exceptions on appeal to bring up the record entries and pleadings in a case. (Page 411.)

Appeal from Washington Circuit Court; *John N. Tillman,* Judge; appeal dismissed.

J. E. London, *pro se.* ·

Appellee, *pro se.*

McCULLOCH, J. The appellee, Hutchens, sued appellant on account for $33.82 before a justice of the peace of Washington County. Judgment was rendered by default, and the defendant subsequently appeared and took an appeal to the circuit court. He appeared in the circuit court, and moved to dismiss the action on the ground that no account was filed before the justice of the peace, and that the justice of the peace was related to the plaintiff within the fourth degree. The court heard oral proof, and found that a written account had been filed with the justice of the peace, and overruled the motion to dismiss.

The case was then continued until the next term of the court on ·motion of the defendant's attorney during his absence on account of sickness of his wife. On a subsequent day of the same term, in the absence of the defendant, the court, upon proof being made of fraud in procuring the order of continuance, set the same aside and rendered final judgment against him by default for the amount of the plaintiff's demand.

The defendant later filed his petition to vacate the judgment, which was denied, and he appealed to this court.

In his petition appellant states that the order setting aside the continuance and the default judgment were rendered without notice to him or his attorney. He sets forth a statement of valid and sufficient grounds for procurement of the continuance, and also states facts constituting a defense to the plaintiff's cause of action.

Appellant attempts, by bill of exceptions signed by the judge of the court below, to bring up all the proceedings, including what purports to be the judgment and orders of the court. The bill of exceptions, even if available for that purpose, was not filed with the clerk below within the time allowed, and therefore can not be considered. But it is not proper to incorporate in the bill of exceptions the record entries of the court and the pleadings. They should be certified up, not by the presiding judge in the bill of exceptions but by the clerk in the transcript outside the bill of exceptions.

This being the state of the record before us, there is no final judgment of the court shown from which an appeal would lie. So the appeal is dismissed.