GREER v. NEWBILL.

Opinion delivered March 8, 1909.

1. ACTION—APPEARANCE.—Where the defendant filed a demurrer to the complaint, he will be held to have entered his appearance. (Page 512.)

2. PROCESS—ABUSE OF—SUFFICIENCY OF COMPLAINT.—A complaint which alleges that defendants fraudulently and without his knowledge procured a judgment against plaintiff, who was a railroad employee, and were using such judgment in another State for the purpose of defeating plaintiff's exemption rights under the laws of this State by procuring writs of garnishments to be served on his employer, states a cause of action. (Page 513.)

3. JUDGMENTS—WHEN ENTERED PRO CONFESSO.—Where defendants' demurrer to a bill in chancery was overruled, and they appealed without pleading over, upon affirmance of the decree the complaint will be taken *pro confesso* except as to the allegation of damages, which must be proved. (Page 513.)

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; reversed in part.

*W. T. Tucker,* for appellants.

1. On the overruling of the demurrer, it was error to render judgment for damages without impaneling a jury and taking

proof as to the amount of the damages, if any, sustained. 8 Ark. 345; Kirby's Dig. § 6240; 9 Ark. 364; 2 Ark. 390; 6 Ark. 497; 10 Ark. 258; 29 Ark. 372; 13 Cyc. 220-1; 39 Ark. 491.

2. The chancery court was without jurisdiction. It will not interfere to prevent a party from selling his claim to another out of the State, nor to prevent him from prosecuting his legal remedies in this or another State. Law courts have jurisdiction to vacate law· judgments, and equity will not enjoin a judgment, if void, merely because it is a void judgment. Beach on Inj. § 569; 142 Ill. 450; 82 Ark. 236; 40 So. (Mass.) 547; Story's Eq. Jur. 12th Ed., § 61; Kirby's Dig. § 4431; 63 'Ark. 323; 48 Ark. 331; 48 Ark. 510. The remedy was complete at law. 27 Ark. 157; 34 Ark. Ark. 291.

*L. C. Maloney* and *W. C. Adamson,* for appellee.

1. When a debtor and creditor reside in the same State, an attempt of the latter to evade the exemption laws of the State of their domicil by bringing suit in another State may be enjoined by the chancery court. *Greer* v. *Cook,* 88 Ark. 93.

The allegations of the complaint clearly take the case out of the rule that a creditor may by *bona fide* transfer sell his claim to a resident of another State, who may there sue on it. Where by accident, mistake or fraud a party has obtained an unfair advantage in a court of law which would make that court an instrument of injustice, and it is therefore against conscience that he should use that advantage, a court of equity will interfere and restrain him from using that advantage; and it will generally proceed to administer all the relief which the particular case requires. 2 Story's Equity Jur. § § 877, 885, 887, 899; 34 Ark. 410; 75 Ark. 52; 74 Ark. 104; 30 Ark. 278; 37 Ark. 164; 45 Ark. 177; Freeman on Judgments, 3d Ed., § § 490, 491; 493, 495. See also 48 Ark. 536; 51 Ark. 343; 76 Ark. 558; 40 Ark. 536; *Id.* 551. When primarily the relief sought is peculiarly within the established powers of courts of equity to grant, then the jurisdiction will be exercised, even though further relief of a purely legal nature is asked as an incident. 75 Ark. 55; 74 'Ark. 104; 77 Ark. 576; 83 Ark. 210. The fraud complained of here is founded, not alone upon the original action itself, but in the procurement of the judgment. 73 Ark. 441; 83 Ark. 511.

2.   When a judge enters into collusion with one of the parties to a litigation before him to the detriment of the other party, and, being impowered to enter one judgment, enters one wholly different, he is not acting within the limits of judicial discretion, nor under authority of law, and he is liable in damages to the party injured.   Cooley on Torts, 415, 416, 417; 34 Ark. 174; 24 Cyc. 423; 36 Ark. 268; 23 Cyc. 571; 24 Cyc. 425; 22 Ill. 100; Cooley on Torts, 410, 51 Ark. 323.

BATTLE, J.   This suit was brought by L .W. Newbill against W. L. Greer, J. H. Kinsworthy, C. M. Dart, C. L. Silverthorne, and St. Louis, Iron Mountain & Southern Railway Company; and for cause of complaint plaintiff alleges that J. H. Kinsworthy, by his attorney, W. L. Greer, brought an action against him before C. L. Silverthorne, a justice of the peace of Pulaski County, to recover a debt of $25 alleged to be due Kinsworthy; that on the 10th day of January, 1907, all parties appearing, the action came on for trial, and was dismissed as to Newbill; that Greer and Silverthorne entered into a conspiracy to defraud him, and at some time subsequent to the 10th day of January, 1907, Silverthorne, in furtherance of his conspiracy, and despite the fact that he had partially written a record of his proceedings in the action of Kinsworthy against him, with the aid of Greer, procured another leaf or page from another docket of same number, color and size, and pasted it over the minutes of the proceedngs which he had already written, and then wrote a judgment, dictated by Greer, against him for the amount sued for by Kinsworthy; that he had no notice or knowledge of the judgment against him until about the last of May, 1907, when Silverthorne, at the request of Greer, issued a writ of garnishment against the St. Louis, Iron Mountain & Southern Railway Company, and stopped payment by it of his wages, which was five months or more after the trial of the action of Kinsworthy against him, when his right of appeal had expired; that since May, 1907, he has been greatly harrassed by writs of garnishment of the wages owing him by the Railway Company for work and labor performed, repeatedly issued at the instance of Greer, and compelled to expend his wages in filing schedules at $1.25 each, which was divided equally between Greer and Silverthorne, pursuant to their agreement; that Greer falsely claims to have

transferred the judgment entered against him in favor of Kinsworthy to C. M. Dart, and has sent it to Kansas City, in the State of Missouri, for the sole purpose of defeating the exemptions from execution and sale allowed him by the laws of Arkansas; that Kinsworthy, Greer and Silverthorne reside in Little Rock, Arkansas; that a writ of garnishment has been issued in Kansas City, Missouri, at the request of Greer, and has been served upon the Railway Company, and it now holds his wages that he earned in the month of December, 1907, on account of the garnishment, and he has thereby been deprived of his rights as a married man and the head of a family residing in this State, and it is beyond his power to claim his wages under the exemptions allowed him, because he cannot claim them in the State of Missouri, he not being a resident of that State. He therefore asks that the judgment entered against him by Silverthorne be, upon final hearing, cancelled for fraud, and that he have judgment in the sum of $200 against Greer, Kinsworthy, and Silverthorne, for damages on account of the loss of time, of the loss of employment by the Railway Company on account of the numerous garnishments, and the detention of his wages.

The defendants demurred to the complaint.

The court overruled the demurrer as to all the defendants, except Kinsworthy, and dismissed the complaint as to him, and, the defendants declining to plead further, found that the judgment rendered against Newbill in favor of Kinsworthy, on the 10th day of January, 1907, was obtained by fraud, and without any notice to Newbill, and that Greer and Silverthorne had no right to enforce the same; and ordered and decreed that Greer and Silverthorne be perpetually enjoined from enforcing or attempting to enforce, or collecting or transferring the judgment, or issuing or causing to be issued any writ of garnishment thereon; and enjoined the Railway Company from paying any money in its hands, belonging to Newbill, to Greer and Silverthorne, and rendered judgment against them in favor of Newbill for $200 damages, and they, Greer and Silverthorne, appealed.

The court found that all the defendants, except Kinsworthy, were duly served with process within the time and in the manner prescribed by law. It found that Kinsworthy was not served, but record shows that he and the other defendants appeared and

filed a demurrer to the complaint and asked that it be sustained. This was a sufficient appearance to make the decree binding upon him, until it is reversed and set aside. The defendants having failed to plead further after their demurrer was overruled, but standing upon it, the allegations of the complaint, except as to damages, stood confessed. They are sufficient to sustain the findings of the court. No one appeals, except Greer and Silverthorne, and the decree is valid as to them, except as to damages (Kirby's Digest, § 6137), and as to that it is reversed, and in other respects, as to Greer and Silverthorne, it is affirmed, and the cause is remanded with directions to the court to ascertain the damages, if any, and render judgment for the same.