GREER v. STROZIER.

Opinion delivered April 12, 1909.

1. INJUNCTION—ABUSE OF PROCESS.—Where a debtor and creditor are residents of the same State, an attempt of the latter to evade the exemption laws of the State of their domicil by bringing suit in another State may be enjoined by the chancery court. (Page 160.)

2. PLEADING—UNCERTAINTY—REMEDY.—The objection that a complaint is ambiguous or indefinite is reached by a motion to make it more definite and certain, not by demurrer. (Page 160.)

3. JUDGMENTS—WHEN ERROR TO RENDER BY DEFAULT.—Where defendant's demurrer to plaintiff's bill was overruled, and defendant declined to answer, but stood on the demurrer, it was error to render judgment for damages *pro confesso,* without requiring proof of damages. (Page 161.)

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; reversed in part.

*W. T. Tucker,* for appellant.

1. It appears by the amended complaint that Franklin Bros. Company was the creditor, and had gone into bankruptcy and that a trustee had been appointed. These are necessary parties. Kirby's Dig. § § 6005-6-7; 37 Ark., 517; 34 Ark. 302; 32 Ark. 297; 28 Ark. 171; 27 Ark. 235; 3 Ark. 364.

2. The chancery court was without jurisdiction, not only because all the necessary parties were not before the court, but also because the remedy at law was complete and adequate. 113 S. W. (Ark.) 1009; 82 Ark. 236; 40 So. (Miss.) 457; 90 N. Y. 48; 34 Ark. 291. The owner of a debt has a right to sell his claim to a citizen of another State, and also to bring suit in that State. 142 Ill. 450.

3. It was error to adjudge damages on the pleadings without proof. 8 Ark. 345; Kirby's Dig. § 6240; 9 Ark. 364; 10 Ark. 258; 29 Ark. 372; 13 Cyc. 220; 39 Ark. 491; 1 Duv. (Ky.) 281; 18 Mo. 396.

*Edwin W. Lindsey,* for appellee.

1. When a debtor and creditor are residents of the same State, an attempt of the latter to evade the exemption law of the State of their domicil by bringing suit in another State may be enjoined by a chancery court. 113 S. W. 1009 and authorities cited. As to the original owner of the debt, that was defeated in the justice of the peace court. Appellee is not legally called upon to search out a fictitious party and make him a party to the proceedings. 10 Enc. Pl. & Pr. 1102.

2. The fact that the suit was brought in Missouri in order to evade the exemption law of this State, makes a cause of action, which, when alleged, gives a court of equity jurisdiction. 14 Am. & Eng. Enc. of L. 421-2.

3. Where the amount sued for is a certain sum, or a sum that by computation can readily be ascertained, the court may award judgment without intervention of a jury, even on demurrer overruled. 13 Cyc. 223; 10 Enc. Pl. & Pr. 1142.

McCulloch, C. J. Appellee, L. F. Strozier, instituted this suit in the chancery court of Pulaski County against appellant, W. L. Greer, and against the St. Louis, Iron Mountain & Southern Railway Company, to restrain appellant from prosecuting an action at law against him in the court of a justice of the peace in

the State of Missouri wherein a writ of garnishment was issued and served on the railroad company. He alleged in his complaint that he was a resident of Pulaski County, Arkansas, and also set forth facts sufficient to entitle him to claim as exempt the wages due him by the railroad company which had been garnished in the action brought against him by appellant in Missouri, and alleged that the Missouri action was instituted for the purpose of depriving him of his opportunity to claim said exemptions. It is also alleged that appellant Greer had assigned the account upon which the action was based to a fictitious person, one C. M. Dart, in which name the action in Missouri was instituted. Appellee also set forth in his complaint that he had sustained damages by reason of the institution of the action in Missouri. Appellant, Greer, appeared and demurred to the complaint, which demurrer was overruled by the court, and final decree was then entered restraining said appellant from further prosecuting the action in Missouri; and the court also rendered a decree in favor of appellee and against appellant Greer for the sum of $38 damages. Greer appealed to this court.

It has been settled by decisions of this court that when a debtor and creditor are residents of the same State an attempt of the latter to evade the exemption laws of the State of their domicil by bringing suit in another State may be enjoined by a chancery court. *Greer* v. *Cook*, 88 Ark. 93; *Griffith* v. *Langsdale*, 53 Ark. 71. According to the allegations of the complaint, which must be taken as true, appellant and appellee were both residents of Pulaski County, Arkansas, and appellant had brought a suit in the State of Missouri in an attempt to evade the exemption laws of this State. It was therefore proper to restrain him from so doing.

It appears from the allegations of the complaint that the Missouri suit was based on an open account, alleged to have been originally claimed against appellee by Franklin Brothers Company, a corporation engaged in the grocery business in the city of Little Rock, and that said company had become bankrupt, and its assets turned over to a trustee in bankruptcy. The complaint alleges, however, that the appellee was not in fact indebted to Franklin Brothers Company in any sum.

It is contended on behalf of appellant that the Franklin

Brothers Company was a necessary party to the action, and that Greer as attorney or agent should not have been enjoined from prosecuting the action. The statements of the complaint are to some extent ambiguous in failing to make clear whether or not it was intended to allege that Greer was the owner of the account and had assigned it as such owner. We think, however, that the allegations of the complaint, when fairly construed, meant to allege that Greer was the assignee and owner of the account formerly claimed by Franklin Brothers Company, and had assigned it to a fictitious person in Missouri, and brought suit thereon for the fraudulent purpose of depriving appellee of his exemptions. If a more definite statement had been desired, the defect should have been reached by a motion to make the complaint more definite and certain. The demurrer did not reach to that question.

We conclude, therefore, that the chancellor was right in restraining the further prosecution of the suit in Missouri. He erred, however, in rendering a decree for damages without proof. Kirby's Digest, § 6137; *Greer* v. *Newbill,* 89 Ark. 509. The decree restraining the prosecution of the Missouri suit is affirmed; but that part of the decree which awards damages is reversed, and the cause remanded to the chancery court with directions to acertain the damages, if any, and render judgment for same.

BATTLE, J., absent.