STEVENS *v.* BENTON COUNTY.

Opinion delivered May 28, 1917.

APPEAL AND ERROR—FAILURE TO FILE BILL OF EXCEPTIONS IN TIME.—
Where on September 30, 1916, appellant was given ninety days in which to file bill of exceptions; the record showed that the bill of exceptions was approved December 23, 1916, but it did not appear when it was filed except that the certificate of the clerk to the transcript, containing the bill of exceptions, is dated February 1, 1917, and in the absence of a showing as to the date of its filing, this court will not presume that it was filed prior to the date of the clerk's certificate.

Appeal from Benton Circuit Court; *J. S. Maples,* Judge; affirmed.

*J. T. McGill* and *Lindsey & Lindsey,* for appellant.

Argue the merits of the controversy and cite many authorities, but the case was decided on the sole point that in the absence of a bill of exceptions the record presents no question for review of this court.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. There is no valid bill of exceptions. 103 Ark. 46; 80 *Id.* 410; 95 *Id.* 381; 103 *Id.* 569; 91 *Id.* 566; 94 *Id.* 58; 35 *Id.* 395.

2. Argue the case on its merits.

SMITH, J. This case involves appellant's right to compensation under a contract for his services as architect in the erection of a new courthouse in Benton County. The claim was resisted upon the ground that the contract had been fraudulently obtained and was, therefore, void. The contract was made by a retiring

county judge, and revoked by his successor upon the ground that it was procured through fraud. And, upon the trial of the cause in the court below, upon appeal to that court, evidence was offered, on the one hand, to sustain; and, on the other hand, to refute, this charge. The court below found the contract to be fraudulent and void. A motion for a new trial was overruled on September 30, 1916, and the court gave appellant ninety days in which to file his bill of exceptions. It appears that the bill of exceptions was approved December 23, 1916, but it does not appear when it was filed except that the certificate of the clerk to the transcript, containing the bill of exceptions, is dated February 1, 1917, and, in the absence of any showing as to the date of its filing, we can not presume that it was filed prior to the date of the clerk's certificate. The date of this certificate is beyond the time allowed for the filing of the bill of exceptions, and, in the absence of a bill of exceptions the record presents no question for review, and the judgment of the court below must be affirmed. *London* v. *Hutchens,* 80 Ark. 410; *Pekin Stave Co.* v. *Watts,* 95 Ark. 331; *Madison County* v. *Maples,* 103 Ark. 44; *Early & Co.* v. *Maxwell,* 103 Ark. 569; *Judkins* v. *Myers,* 91 Ark. 566; *Tatum* v. *Crownover,* 94 Ark. 58.

It is so ordered.