CLARK v. COLLINS.

4-8527                                                    210 S. W. 2d 505

Opinion delivered April 26, 1948.

*Bryan McCallen* and *Schoonover & Steimel,* for appellant.

*E. L. Mizell* and *E. L. Hollaway,* for appellee. ·

MINOR W. MILLWEE, Justice. Appellee, Dick Collins, was plaintiff in circuit court in an action for damages for breach of a lease contract executed on May 11, 1946, whereby appellant, O. C. Clark, leased the Midway Cafe in Corning, Arkansas, to appellee for one year beginning October 11, 1946, at a rental of $40 per month. A. R. Bloom and Martha Bloom were also made party defendants.

In the complaint filed on November 9, 1946, appellee alleged that he tendered the first monthly rental payment due under the lease and demanded possession of the premises, but that the Blooms were in possession as tenants of appellant and refused to deliver possession or to account to appellee for rents; that the premises were of the reasonable rental value of $75 per month and appellee was, therefore, damaged in the sum of $420 by reason of the breach of the lease agreement. Appellee also alleged that he had suffered further damages by reason of having purchased furniture and equipment in the sum of $1,000 to be used in operation of the cafe, which he was unable to use by reason of the breach of the lease agreement. Judgment was prayed for damages in the total sum of $1,420 against all the defendants.

Appellant, O. C. Clark, made default at the March, 1947, term of court and the case was passed to the October, 1947, term for the purpose of fixing the amount of damages. On October 28, 1947, appellant filed a motion for leave to file an answer to which appellee filed a response on the same date. After hearing the testimony presented by both parties, the trial court denied the motion. Appellant then filed a motion which reads as follows:

"Comes O. C. Clark and for his motion herein, states:

"That this defendant was denied permission by the court to file answer herein and default was rendered·

against him, and jury empanelled for the purpose of assessing the damages to plaintiff.

"That the defendant is entitled to cross-examine plaintiff's witnesses on the question of damages and to introduce proof herein before the jury for the purpose of minimizing the damages of the plaintiff.

"Wherefore, defendant prays that he be permitted and granted opportunity to cross-examine the witnesses of the plaintiff and to introduce proof to minimize the damages of said plaintiff before the jury herein."

This motion was overruled by the trial court and appellant duly saved his exceptions. After hearing the testimony offered by appellee on the question of the amount of the damages, the jury returned a verdict in favor of appellee and against the appellant, O. C. Clark, in the sum of $720, and judgment was rendered accordingly.

For reversal of the judgment, appellant contends that the trial court erred in overruling his motion for permission to cross-examine appellee's witnesses and introduce proof before the jury in mitigation of damages. There is no bill of exceptions and the final judgment makes no reference to the filing of the motion, or the action of the court thereon. On this state of the record appellee insists that the alleged error is not subject to review on appeal. However, this court has repeatedly held that a bill of exceptions is unnecessary where the error sought to be reviewed appears in the record proper. *Jones* v. *Jackson,* 86 Ark. 191, 110 S. W. 215; *Sizer* v. *Midland Valley R. R. Co.,* 141 Ark. 369, 217 S. W. 6; *Buchanan* v. *Halpin,* 176 Ark. 822, 4 S. W. 2d 510. The pleadings and record entries are a part of the record proper and need not be set forth in the bill of exceptions. *London* v. *Hutchens,* 80 Ark. 410, 97 S. W. 443; *Hanson* v. *Anderson,* 91 Ark. 443, 121 S. W. 736; *Morrison* v. *St. Louis & San Francisco Railroad Co.,* 87 Ark. 424, 112 S. W. 975; Stevenson's Supreme Court Procedure, p. 5. The motion filed by appellant and the formal order entered by the

court overruling same constitute a part of the record proper. Since the alleged error complained of appears therein, it is subject to review on appeal in the absence of a bill of exceptions.

In the early cases of *Thompson* v. *Haislip,* 14 Ark. 220, and *Mizzell, et al.* v. *McDonald, et al.,* 25 Ark. 38, this court laid down the rule that in a hearing to determine the amount of damages after default, a defendant has a right to cross-examine the plaintiff's witnesses and to introduce evidence in mitigation of damages. In the last case cited Chief Justice WALKER, speaking for the court, said: "As regards the first question, the defendants, by failing to plead in bar, confessed the plaintiffs' right to recover damages, but not the amount of damages claimed in the declaration; because, if such is the effect of a judgment by default, then there would be no necessity for calling a jury to inquire of damages, and judgment would, without the intervention of a jury, be rendered for the amount of damages set forth in the plaintiff's declaration. It must therefore follow, that although the assumpsit to pay for the goods, averred to have been sold and delivered is admitted by the default, and no longer an open question for contest, such is not the case as regards the amount of damages to be recovered. In the case of *Thompson* v. *Haislip,* 14 Ark. 220, this court recognized this rule, and held that, upon a writ of inquiry of damages, the defendant had a right to cross-examine a witness introduced by the plaintiff, and that it was error to refuse such permission. And we think that, upon principle, the decision in that case is alike applicable to this. The open question before the jury was as to the amount of the damages to be assessed, and if the defendant be permitted (as we have held he should be) to cross-examine a witness introduced by the plaintiff, for the purpose of reducing the amount of damages, we think, for the same reason and upon principle, he should be permitted to introduce evidence for the purpose."

These decisions have never been overruled and the principles announced have been followed in other juris-

dictions. In 31 Am. Jur., Judgments, § 521, it is said: "The general rule is that in an inquiry of damages upon a default, all of the plaintiff's material allegations are to be taken as true, and the determination of the amount of the damages to be awarded is all that remains to be done. In the trial of the question of damages, the defaulting defendant has the right to be heard and participate. He may cross-examine witnesses, and may offer proof in mitigation of damages, or as to an adjustment or payment of the amount claimed." See, also, Black on Judgments (Second Edition), Vol. 1, § 91; 49 C. J. S., Judgments, § 201, p. 358.

We conclude that the trial court erred in denying appellant the right to cross-examine the witnesses for appellee and to introduce evidence for the purpose of minimizing the damages. The default fixed appellant's liability on the cause of action and admits that something is due appellee by reason of the breach of the lease contract. Appellee is entitled to nominal damages whether he introduces any evidence or not, and the amount of the damages is all that he is required to prove, or that appellant is permitted to controvert.

For the error indicated, the judgment is reversed and the cause remanded for a new hearing on the question of the amount of appellee's damages.