SMITH *v.* MOSCHETTI.

4-8587                                                              214 S. W. 2d 73

Opinion delivered October 18, 1948.

*J. B. Reed,* for appellant.

*R. G. Ward* and *Guy B. Reeves,* for appellee.

MINOR W. MILLWEE, Justice. Appellant, E. R. Smith, prosecutes this appeal to reverse a judgment against him for $2,100 in which the trial court also sustained an attachment for a 1939 model Ford truck.

The facts leading up to the institution of the action are as follows: In September, 1946, appellee, A. A. Moschetti, was engaged in the used car business at Oakland, California, where appellant, a member of the naval forces, was receiving treatment at a navy hospital. Appellant was introduced to appellee by Albert Landers, another sailor stationed at the hospital. Appellee and appellant entered into a "deal" whereby appellant, by using his "veteran's priority," would purchase a new Oldsmobile automobile from an Oakland dealer for appellee who was to pay appellant $300 "for his trouble" upon delivery of the car.

On September 11, 1946, appellee advanced to appellant $100 which he deposited with the motor company with an application for purchase and as a down payment on the car. On October 11, 1946, appellee delivered to appellant a cashier's check for $2,000 which represented the balance of the purchase price of the car to be delivered to appellee. On the same date appellant paid the motor company and procured delivery of the car. Instead of delivering the car to appellee, according to the arrangement, appellant left California and drove the car to his home in Lonoke county, Arkansas.

On October 19, 1946, appellant's father received a telegram from Albert Landers inquiring of the whereabouts of appellant. In answer to the telegram, Landers was informed that appellant had gone to Florida. Appel-

lant's father testified that his son did not go to Florida, but had told him he was going and was away from home three or four days about the time the telegram was answered.

Appellant lived with his father in Lonoke county until January, 1947, when they moved to a place near Rector in Clay county. Appellant was unmarried and became 21 years of age in April, 1947. On February 4, 1947, he traded the automobile for a 1939 model Ford truck which he used for trips to and from the town of Rector.

Appellee first filed an action in the Lonoke Circuit Court, but appellant had then moved to Rector and no service was had in the Lonoke county action. On June 6, 1947, appellee filed his complaint, affidavit and bond for attachment of the Oldsmobile car in the Circuit Court of Clay county, Eastern District. On August 2, 1947, the attorney for appellee, by interlineation, amended the affidavit for attachment by substituting a description of the 1939 Ford truck for that of the Oldsmobile automobile. This was done before the clerk who issued a new writ of attachment describing the truck instead of the automobile. On the same date the deputy sheriff of Clay county, in company with appellee's attorney, took possession of the 1939 Ford truck at the home of appellant's father near Rector. The truck was delivered to a garage at Rector for storage and the deputy sheriff made his return on the writ which was filed in the sheriff's office by counsel for appellee sometime in the afternoon of August 2, 1947.

On October 13, 1947, appellant filed a pleading styled, "Demurrer, Motion to Dismiss Cause and Quash Writ." In this pleading appellant demurred to the complaint on the following grounds:

"That, plaintiff's complaint does not state facts sufficient to constitute a cause of action,

"That, this court has no jurisdiction of the person of the defendant,

"That, this court has no jurisdiction of the subject matter of this alleged cause of action,

"That, this plaintiff does not have the legal capacity to maintain this cause of action,

"That, there is another cause of action pending between these parties for the same alleged cause of action,

"That the person named defendant in this alleged cause demurs, objects and excepts to the venue herein."

In the same pleading appellant also attacked the form, regularity and sufficiency of the affidavit and writ of attachment on numerous grounds. It further alleged that no summons or writ of attachment had been served on appellant, and that fraud had been practiced on the court and appellant in several particulars. The prayer of the pleading was that the writ of attachment be quashed and the cause of action dismissed.

After hearing testimony on the demurrer and motion, the trial court overruled same and set the case for trial. On October 22, 1947, the date of trial, appellant answered denying the allegations of the complaint and pleading his minority at the time of the transactions with appellee. At the conclusion of the testimony, each party requested instructed verdicts in his favor, and the trial court rendered judgment for appellee and sustained the attachment.

For reversal of the judgment appellant contends that the trial court erred in overruling his demurrer and motion to dismiss. It is first insisted that the changes by interlineations in the complaint and affidavit for attachment made by counsel for appellee on August 2, 1947, amounted to fraud practiced upon appellant and the court. It appears that the complaint and affidavit were captioned, "In the Lonoke County Circuit Court" when filed on June 6, 1947. It further appears that counsel for appellee changed the caption on the complaint and affidavit to read. "In the E. D. Clay County Circuit Court." The clerk testified that the amendment of the affidavit for attachment was made before him on August 2, 1947, and that he issued a second writ of attachment on that date describing the 1939 Ford truck; that counsel for appellee was in his office before and after noon on

said date and he could not recall the time of day the changes were made. Appellee had the right to amend the complaint and affidavit. *Fortenheim* v. *Claflin, Allen & Co.,* 47 Ark. 49, 14 S. W. 462. We agree with the trial court's finding that, since said amendments appear to have been made prior to the serving of the attachment and long before any answer or other pleading had been filed by appellant, fraud was not practiced on either the appellant or the court in the amendment of the pleadings.

It is next contended that the court did not acquire jurisdiction to issue the writ of attachment because of the failure of appellee to verify his complaint under §§ 586-7 of Pope's Digest. These sections relate to attachment by a creditor against a debtor before his claim is due. Appellee did not proceed under these sections, but proceeded by a separate complaint and affidavit under § 533 of Pope's Digest, and it is not required that both the complaint and the affidavit be verified.

It is next insisted that there was a lack of service of the writ of attachment because the officer took charge of the truck without having the writ in his possession and without serving a copy thereof on any person. Under the second subdivision of § 544 of Pope's Digest, an order of attachment may be executed upon personal property capable of manual delivery, by the officer taking it into custody and holding it subject to the order of the court. According to the testimony of the deputy sheriff, this section of the statute was complied with and delivery of a copy of the order to the person holding the property was not required.

It is next insisted that the demurrer and motion to dismiss should have been sustained because there was no service of summons upon appellant. On conflicting testimony, the trial court found that summons was properly served on September 17, 1947, by the sheriff of Clay county. We find it unnecessary to determine whether this finding was erroneous, since appellant clearly entered his general appearance by filing the demurrer and motion to dismiss. A demurrer on the grounds of lack of jurisdiction of person, when accompanied by a general

demurrer, because the complaint does not state a cause of action, amounts to a general appearance. The demurrer of appellant was not based solely on the ground of lack of jurisdiction of the person, but same was a general demurrer and constituted a general appearance and a waiver of any defect in the jurisdiction arising from want of service of process. *Hawkins* v. *Taylor,* 56 Ark. 45, 19 S. W. 105, 35 Am. St. Rep. 82; *Greer* v. *Newbill,* 89 Ark. 509, 117 S. W. 531; *Hogue* v. *Hogue,* 137 Ark. 485, 208 S. W. 579; *St. Louis & San Francisco Ry. Co.* v. *McBride,* 141 U. S. 127, 11 S. Ct. 982, 35 L. Ed. 659; 6 C. J. S., Appearances, § 12, p. 25; 3 Am. Jur., Appearances, § 15.

It is next contended that the trial court erred in overruling appellant's motion to dismiss the case at the conclusion of the testimony because of a variance between the allegations of the complaint and the proof. The complaint alleged that "defendant was to bring this automobile and deliver it to this plaintiff, until this defendant could reimburse this plaintiff . . ." Appellee testified on direct examination, without objection, that the automobile was to become his property upon delivery by appellant. When this discrepancy was brought out on cross-examination, appellee asked permission to amend the complaint to conform to the proof. The trial court made no ruling at the time of the request, but overruled appellant's motion to dismiss at the conclusion of all the testimony. The denial of this motion was tantamount to a ruling that the complaint would be treated as amended to conform to the proof. Appellant did not offer testimony to dispute that offered by appellee nor did he claim any surprise by its introduction. Under these circumstances, the trial court had a right to treat the complaint as amended to conform to the proof, and we hold that no abuse of the court's broad discretion in such matters has been shown. *Rucker* v. *Martin,* 94 Ark. 365, 126 S. W. 1062; *Thomas* v. *Spires,* 180 Ark. 671, 22 S. W. 2d 553.

Appellant next contends that the pleadings and proof establish a contractual relationship between the parties and that the trial court should have sustained appellant's plea of non-liability on account of his minority in Sep-

tember and October, 1946. Appellant relies on the case of *Crockett Motor Co.* v. *Thompson,* 177 Ark. 495, 6 S. W. 2d 834, where it was held that a minor was not liable on his contract for the purchase of an automobile which he used for pleasure and to ride a few miles to town and back. Appellee's cause of action in the instant case is substantially grounded in tort, and not in contract. According to the undisputed evidence, appellant fraudulently converted the automobile, which he was to deliver to appellee, to his own use. A minor who is of sufficient age to be criminally responsible is liable for his torts. *Moore* v. *Wilson,* 180 Ark. 41, 20 S. W. 2d 310; *Kibler* v. *Kibler,* 180 Ark. 1152, 24 S. W. 2d 867.

In 27 Am. Jur., Infants, § 92, it is said: "The mere fact that a cause of action grows out of or is connected with a contract will not shield an infant from liability for a tort which is not a mere breach of the contract, but is a distinct willful and positive wrong in itself." The author further states: "Although goods converted by an infant are in his possession by virtue of a previous contract, the conversion is in its nature a tort; it is not an act of omission, but of commission, and is within the class of offenses for which infancy affords no protection." See, also, 43 C. J. S., Infants, § 89. The fact that appellee's cause of action grew out of his agreement with appellant will not shield the latter from liability for his fraudulent conversion of the automobile, which is in itself an independent and willful wrong.

Since we reach the conclusion that appellant's plea of minority is no defense to the action, it becomes unnecessary to determine whether the trial court was in error in treating the action as one for money had and received and rendering judgment on that basis.

We find no reversible error, and the judgment is affirmed.