FERRI *v.* BRAUN.

5-2935                                         366 S.W. 2d 286

Opinion delivered March 25, 1963.

[Rehearing denied April 29, 1963.]

*William H. Drew,* for appellant.

*John F. Gibson,* for appellee.

SAM ROBINSON, Associate Justice. On June 14, 1962, appellees, Earl T. Braun and his wife, Marie, filed this suit against appellant, Joe Ferri, alleging damages to Earl in the amount of $3,500.00, and damages to Marie in the sum of $9,900.00, growing out of an automobile collision. Appellant, Ferri, failed to answer within the prescribed time, and on August 6, 1962, the Brauns were awarded judgment for the total amount asked in the complaint.

On September 1, 1962, within the proper time, Ferri filed notice of appeal. He also filed a designation of the record on appeal, designating the entire record filed with the Clerk, and a narrative statement as follows: "On the 9th day of July 1962 this cause was called on the docket by the Honorable G. B. Colvin, Jr., Circuit Judge, Chicot County, Arkansas, and noted that the defendant, Joe Ferri, had not filed Answer herein. The Sheriff of Chicot County, John H. Biggs, thereupon called to the bar of this Court, the defendant, Joe Ferri, three times to appear, and who appeared not, and thereupon without any testimony being presented, rendered judgment as prayed in the complaint filed by the plaintiffs, Earl T. Braun and Marie R. Braun. There was no testimony presented by the plaintiffs herein, nor any witnesses in behalf of plaintiffs." Ark. Stats. 27-2127.4 provides: "A party may prepare and file with his designation a condensed statement in narrative form of all or part of the testimony, and any other party to the appeal, if dissatisfied with the narartive statement, may require testimony in question and answer form to be submitted for all or part thereof."

The judgment provides, *inter alia*, that evidence was adduced by the plaintiffs and that there was proof that Earl T. Braun had been damaged in the sum of $3,500.00, and proof that Marie R. Braun had been damaged in the sum of $9,900.00. The judgment was for the respective parties in the sums mentioned.

There must be evidence to support an award of damages in a default judgment. *Greer* v. *Newbill,* 89 Ark. 509, 117 S. W. 531; *Greer* v. *Strozier,* 90 Ark. 158, 118

S. W. 400. Here, the judgment recites that there was proof of damages. In the narrative statement appellant says: "There was no testimony presented by plaintiffs herein, nor any witnesses in behalf of plaintiffs." The real question is whether the parties are bound by the recitation in the judgment that there was proof of damages, or can appellant show, in the manner attempted here, that there is no substantial evidence to sustain the judgment.

Although the defendant, appellant, failed to file an answer, he had the right to cross-examine witnesses giving testimony as to damages and he had the right to introduce testimony in mitigation of damages. In other words, he had the right to contest the element of damages; it necessarily follows that he has the right to question on appeal the sufficiency of the evidence to support the amount of damages awarded. In *Clark* v. *Collins,* 213 Ark. 386, 210 S. W. 2d 505, the court said: "In the early cases of *Thompson* v. *Haislip,* 14 Ark. 220, and *Mizzell, et al.* v. *McDonald, et al.,* 25 Ark. 38, this court laid down the rule that in a hearing to determine the amount of damages after default, a defendant has a right to cross-examine the plaintiff's witnesses and to introduce evidence in mitigation of damages. In the last case cited Chief Justice Walker, speaking for the court, said: 'As regards the first question, the defendants, by failing to plead in bar, confessed the plaintiffs' right to recover damages, but not the amount of damages claimed in the declaration; because, if such is the effect of a judgment by default, then there would be no necessity for calling a jury to inquire of damages, and judgment would, without the intervention of a jury, be rendered for the amount of damages set forth in the plaintiff's declaration. It must therefore follow, that although the assumpsit to pay for the goods, averred to have been sold and delivered is admitted by the default, and no longer an open question for contest, such is not the case as regards the amount of damages to be recovered. In the case of *Thompson* v. *Haislip,* 14 Ark. 220, this court recognized this rule, and held that upon a writ of inquiry of damages, the defendant had a right to cross-examine a wit-

ness introduced by the plaintiff, and that it was error to refuse such permission. And we think that, upon principle, the decision in that case is alike applicable to this. The open question before the jury was as to the amount of the damages to be assessed, and if the defendant be permitted (as we have held he should be) to cross-examine a witness introduced by the plaintiff, for the purpose of reducing the amount of damages, we think, for the same reason and upon principle, he should be permitted to introduce evidence for the purpose.' ''

In his narrative statement of the evidence, served on counsel for appellee along with the notice of appeal, appellant says there was no evidence of damages. This was just another way of saying there was no substantial evidence to support the judgment. In these circumstances, the appellee had the right to require that the evidence be supplied in question and answer form. But appellees did not avail themselves of the opportunity to make such evidence, if any, a part of the record; therefore, the record contains no substantial evidence to support the judgment.

Since the question of damages was apparently not fully developed, the cause will not be dismissed, but is reversed and remanded for new trial on the issue of damages.

McFADDIN, J., dissents.

ED. F. McFADDIN, Associate Justice (dissenting). I maintain the appeal in this case should be dismissed without prejudice to the appellant's right to file a motion in the Trial Court for correction of the record.

According to the transcript before us, the Circuit Court of Chicot County, on July 9, 1962, entered this judgment in this case:

''ON this day this cause comes on to be heard, being the day regularly set therefor, plaintiffs appearing in person and through their attorney, JOHN F. GIBSON, and defendant, although called three (3) times at the bar of this Court, failed to appear though summoned in the time and manner provided by law. The cause is submitted to the Court on the Complaint and on the summons

showing service personally on defendant more than twenty (20) days prior, and the evidence adduced by the plaintiff, from all of which the Court finds:

"I. THE Court has jurisdiction of the parties and the subject matter herein.

"II. DEFENDANT, by failing to file an Answer in the time and manner provided by law, has waived a right to trial by jury on the issue of damages.

"III. PROOF has been shown that the plaintiff, EARL T. BRAUN, has been damages in the sum of THIRTY-FIVE HUNDRED ($3,500.00) DOLLARS, as a direct result of the negligence of the defendant, JOE FERRI.

"IV. PROOF has been shown that the plaintiff, MARIE R. BRAUN, has been damaged in the sum of NINETY-NINE HUNDRED ($9,900.00) DOLLARS, as a direct result of the negligence of the defendant, JOE FERRI.

"IT IS, THEREFORE, ORDERED AND AD-JUDGED that the plaintiff, EARL T. BRAUN, do have and recover of and from the defendant, JOE FERRI, the sum of THIRTY-FIVE HUNDRED ($3,500.00) DOLLARS, together with costs herein, for which execution may issue.

"IT IS FURTHER ORDERED AND ADJUDGED that the plaintiff, MARIE R. BRAUN, do have and recover of and from the defendant, JOE FERRI, the sum of NINETY-NINE HUNDRED ($9,900.00) DOLLARS, together with costs herein for which execution may issue.

"DATED THIS July 9, 1962

"(Signed)

G. B. Colvin, Jr.

Circuit Judge."

The judgment recites that there was "evidence adduced by the plaintiff"; and in stating the amount of damages awarded the judgment recites in two instances,

"proof has been shown . . . " The photographic copy of the judgment in the record before us bears the manual signature of the Circuit Judge. To impeach the above solemn recitations in the judgment, the appellant here offers a "narrative statement" which, in its entirety, reads:

### "NARRATIVE STATEMENT

"On the 9th day of July, 1962 this cause was called on the docket by the Honorable G. B. Colvin, Jr., Circuit Judge, Chicot County, Arkansas, and noted that the defendant, Joe Ferri, had not filed Answer herein. The Sheriff of Chicot County, John H. Biggs, thereupon called to the bar of this Court, the defendant, Joe Ferri, three times to appear, and who appeared not, and thereupon without any testimony being presented, rendered judgment as prayed in the complaint filed by the plaintiffs, Earl T. Braun and Marie R. Braun. There was no testimony presented by the plaintiffs herein, nor any witnesses in behalf of plaintiffs.

"(Signed) William H. Drew, Attorney for Defendant."

This narrative statement was evidently prepared in supposed keeping with § 27-2127.4 Ark. Stats., which reads:

"A party may prepare and file with his designation a condensed statement in narrative form of all or part of the testimony, and any other party to the appeal, if dissatisfied with the narrative statement, may require testimony in question and answer form to be submitted for all or part thereof."

I maintain that the "narrative statement" here offered by appellant does not comply with the statute which says it is to be "a condensed statement in narrative form of all or a part of the testimony." The so-called "narrative statement" in this case does not purport to be a statement of "all or part of the testimony": rather, it says that there was no testimony taken. The sole purpose of the narrative statement in this case is to impeach the recitals of the judgment signed by the Judge;

and that is not the purpose of a narrative statement. The solemn recitals in the judgment cannot be impeached in any such manner. The "narrative statement" is a successor to the former bill of exceptions; and in *Arkadelphia Lbr. Co.* v. *Asman,* 79 Ark. 284, 95 S. W. 134, we said of an earlier case:

"This court held that the record, showing that the regular judge presided, could not be attacked by recitals of the bill of exceptions, and dismissed the appeal. *Arkadelphia Lumber Company* v. *Asman,* 72 Ark. 320. The court held that if the record failed to speak the truth in that respect the remedy was to procure an amendment."

If a bill of exceptions could not be used to impeach the recitals of a judgment, then certainly a narrative statement cannot be used to impeach the recitals of a judgment; and I give this case of *Arkadelphia Lumber Company* v. *Asman, supra,* as my authority for saying that appeal herein should be dismissed without prejudice to the plaintiff's right to apply to the Trial Court for correction of the record. Our cases show that such can be done. In *Schofield* v. *Rankin,* 86 Ark. 86, 109 S. W. 1161, Chief Justice McCulloch said:

"It can not be regarded otherwise than as well settled now that a court of record has plenary and continuing powers over its own records for the purpose of amendment, so as to make the records speak the truth concerning its proceedings. *Bobo* v. *State,* 40 Ark. 224; *Ward* v. *Magness,* 75 Ark. 12; *Groton Bridge Co.* v. *Clark Press Brick Co.,* 68 C.C.A. 577. An appeal from a judgment or decree does not deprive the court which rendered it of control over its records or of jurisdiction to amend them."

And in *Poole* v. *Oliver,* 89 Ark. 85, 115 S. W. 952, the Court said:

"If the appellant's contention is right, that the cause was not disposed of at the July term of court, and a decree was entered as of that date in vacation, the decree would be void. *Biffle* v. *Jackson,* 71 Ark. 226; *Boynton* v.

336

*Ashabranner,* 75 Ark. 415. That is a matter, however, which this court can not consider upon this record. This record shows a decree of the July term of the Calhoun Chancery Court. If in fact the record is wrong, it must be amended, and the appellant has an appropriate remedy to cause the record to speak the truth.''

So I maintain that appellant should have applied to the Circuit Court to correct the record if, in fact, no evidence was heard on the matter of damages; and that appellant cannot use the ''narrative statement'' to impeach the judgment, any more than he could have used the former bill of exceptions to impeach the recitals of the Circuit Court judgment.

For these reasons, I dissent from the Majority Opinion, which reverses the judgment in this case.