Danny G. RICE *v.* Phillip G. KROECK

CA 80-483                                          619 S.W. 2d 691

Court of Appeals of Arkansas
Opinion delivered August 26, 1981

224

*King & King*, by: *Jim King*, for appellant.

No brief for appellee.

MELVIN MAYFIELD, Chief Judge. This is an appeal from a default judgment. The complaint alleged that the parties were formerly engaged in business together and in winding up their business affairs they were required to pay $8500.00 to a third party; that appellant and appellee each owed one-half of this amount but the whole amount was paid by appellee and the appellant has refused to reimburse him; and the appellee asks for judgment against appellant in the amount of $4250.00.

The appellant contends that default judgment should not have been entered against him because (1) the return of service on the summons shows that he was not properly served and (2) no evidence was introduced to establish the amount of the judgment. Because we agree with (2) we express no opinion as to (1).

To support his contention with regard to entry of judgment without proof of damages, the appellant cites *Greer* v. *Strozier*, 90 Ark. 158, 118 S.W. 400 (1909). That case was reversed because the trial court entered a default judgment for damages without hearing any proof as to amount. As early as *Thompson* v. *Haislip*, 14 Ark. 220 (1853), the Supreme Court of Arkansas said that the failure to appear and defend was a confession of the plaintiff's right to recover damages but it was not an admission of any particular amount of damages. And in *Mizell* v. *McDonald*, 25 Ark. 38 (1867), the court held that in a hearing to

determine the amount of damages after default a defendant has a right to cross-examine the plaintiff's witnesses and to introduce evidence in mitigation of damages. *Thompson* and *Mizell* have been cited with approval through the years. See *Clark* v. *Collins*, 213 Ark. 386, 210 S.W. 2d 505 (1948) and *Kohlenberger* v. *Tyson's Foods*, 256 Ark. 584, 510 S.W. 2d 555 (1974).

There may be a two-fold basis for the requirement that the amount of damages must be established. In *Thompson* v. *Haislip* the court did not cite any case or statute as authority and *Mizell* v. *McDonald* cited only *Thompson*. The real authority relied upon in *Thompson* may have been the general practice as established in England and followed in this country. In discussing the early English and American practice with regard to defaults, 6 *Moore's Federal Practice* par. 55.02[1] (2d ed. 1976) quotes from the case of *Thomson* v. *Wooster*, 114 U.S. 104, 5 S. Ct. 788, 29 L. Ed. 105 (1885). At 114 U.S. 113 that case said:

> It is thus seen that by our practice, a decree *pro confesso* is not a decree as of course according to the prayer of the bill, nor merely such as the complainant chooses to take it; but that it is made (or should be made) by the court, according to what is proper to be decreed upon the statements of the bill, assumed to be true. This gives it the greater solemnity, and accords with the English practice, as well as that of New York.

However, *Greer* v. *Strozier* cited Kirby's Digest, § 6137 (1904) which provided, "Allegations of value, or of amount of damage, shall not be considered as true by the failure to controvert them." That section was later compiled as Ark. Stat. Ann. § 27-1151 and has now been superseded by the Rules of Civil Procedure which provide in rule 8 (d) that "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied, either generally or specifically, in the responsive pleading." That rule was taken from Federal Rule of Civil Procedure 8 (d) which contains almost identical language and which has been relied upon as authority in holding that a default establishes liability but

not the extent of damages. *Geddes* v. *United Financial Group*, 559 F. 2d 557 (9th Cir. 1977); *Fehlhaber* v. *Indian Trails, Inc.*, 425 F. 2d 715 (3rd Cir. 1970).

So, regardless of the original basis, our case and statutory authority very clearly requires that the amount of the default judgment must be established by proof. The only exception that we know to this rule is in suits upon accounts where there is filed with the complaint a verified statement of the account under the provisions of Ark. Stat. Ann. § 28-202 (Repl. 1979). In that situation the statute provides that "[T]he affidavit of the plaintiff, duly taken and certified according to law, that such account is just and correct shall be sufficient to establish the same, unless the defendant shall, under oath, deny the correctness of the account either in whole or in part. . . ." See *Hershy* v. *MacGreevy & Yantis*, 46 Ark. 498 (1855) and *Walden* v. *Metzler*, 227 Ark. 782, 301 S.W. 2d 439 (1957).

Rule 55(b) of the Arkansas Rules of Civil Procedure deals with the "manner of entering judgment" by default and provides in part:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings as it deems necessary and proper and may direct a trial by jury.

The language quoted above is the exact language found in rule 55 (b) (2) of the Federal Rules of Civil Procedure. Under the federal rule there is a provision for the clerk to enter judgment by default when the claim is "for a sum certain or a sum which can by computation be made certain" but that provision is not in our rule 55. We are, therefore, of the opinion that rule 55 of the Arkansas Rules of Civil Procedure did not change our law with regard to the necessity of proving damages to establish the amount of a default judgment.

The record in this case only contains the following matter: complaint, summons, judgment, docket sheet, notice of appeal and designation of record. There is, however, a presumption of regularity attendant upon every judgment of a court of competent jurisdiction. *Coleman* v. *State*, 257 Ark. 538, 518 S.W. 2d 487 (1975). But the judgment appealed from in this case does not state that it is based upon evidence heard by the court. It simply says "The court finds that the plaintiff is entitled to default judgment." In *Hershy* v. *Berman*, 45 Ark. 309 (1885), the court said "If there was anything in the record to indicate that oral proof was heard at the trial, we would presume that the decree is correct and affirm. ..." And in *Dent* v. *Adkisson*, 184 Ark. 869, 874, 43 S.W. 2d 739 (1931), the court said:

> It is not to be doubted that on any issue made in the trial court, where testimony is taken and not preserved, the conclusive presumption arises that evidence was sufficient to sustain the finding and decree of the court. ... no fair interpretation can be placed upon the language of the order of confirmation which would justify the inference that testimony was heard regarding the truth or falsity of the allegations contained in the petition. ... and all that the record justifies us in concluding is that the chancellor heard no testimony.

Since the judgment here involved contained no recital that evidence was heard, we cannot presume otherwise. The judgment is reversed and the case remanded.